## COPELAND *vs.* BEAN.

Where the title to real estate has been specially pleaded to an action of tresspass *quare clausum fregit,* brought before a Justice of the peace, and the cause has been brought up from the Common Pleas by demurrer, it is not the course of this Conrt to permit the defendant to add any other plea which could have been tried by the Justice.

In this case, which was an action of trespass *quare clausum fregit,* brought before a Justice of the Peace, the defendant pleaded that the close was the soil and freehold of another, under whom he justified ; and the cause being thereupon carried into the Court of Common Pleas, pursuant to the statute, it was brought up thence by demurrer, with the usual reservation of leave to waive the demurrer and plead anew in this Court.   And at the last term the defendant moved for leave to amend the pleadings, and add a plea in bar that the plaintiff gave him license to do the acts complained of; but the Chief Justice, before whom the issues were tried, overruled the motion, and the defendant submitted to be defaulted, subject to the opinion of the Court upon be question whether he was entitled so to plead.

*Gilman,* for the plaintiff.

*Rogers,* for the defendant.

WESTON J. delivered the opinion of the Court.

The Justice, before whom this action was commenced, had jurisdiction of the cause, if the title to real estate had not been drawn in question, by the special plea of the defendant. *Stat.* 1821, *ch.* 76. This plea being interposed, it was carried to the Common Pleas, as the statute prescribes. And this is the only case, where an appeal lies to this court from the Common Pleas, in an action originally commenced before a Justice of the Peace. The defendant now moves to file a plea, which does not bring in question the title of the plaintiff, but admits it; and this he claims as a matter of right, against the ruling of the presiding Judge. If this were allowed, Justices of the Peace might be ousted of their jurisdiction, in all cases, where the title to real estate might be formally drawn in question by the defandant's plea, although not intended to be seriously litigated or tried. And the appellate jurisdiction of this Court might be extended to a class of cases, which by law ought to terminate finally in the Common Pleas. This is prevented effectually, by holding the defendant to abide by his plea before the Justice. Such has been the practice; and we are not disposed to disturb it.

*Judgment for plaintiff.*