BYRON MERRILL, *Complainant, versus* JOHN C. HINCKLEY, *Appellant.*

In a case of forcible entry and detainer, where the magistrate adjudges the defendant guilty, and he enters an appeal, it is not necessary that the recognizance shall require payment of such "reasonable rent of the premises as the magistrates shall adjudge," if no rent is adjudged by the magistrates to be payable.

But where a recognizance contains requirements which are not sanctioned by the existing statute, it is defective, and the appeal will be dismissed.

Under R. S. of 1857, c. 94, § 8, a recognizance requiring the appellant to "appear" at the appellate court, prosecute his appeal "with effect," "recover back possession of the premises," and pay all intervening "damages" and costs, in case he does not recover possession, is unauthorized and illegal.

THIS was an action of forcible entry and detainer, commenced before a Justice of the Peace. The defendant pleaded title to the premises, in a brief statement; but the magistrate adjudged his plea to be frivolous, and intended only for delay, proceeded to hear the parties, adjudged the defendant guilty, and that a writ of possession should issue to put the plaintiff in possession. The defendant appealed, and recognized as required by the magistrate. The case turned upon the sufficiency of the recognizance under c. 94 of R. S. of 1857.

*G. P. Sewall,* for the plaintiff.

*Blake & Garnsey, and Mace,* for the defendant.

The opinion of the Court was drawn up by

KENT, J.—The first question presented is, whether this Court has jurisdiction of the case. It appears by the papers before us, that this process of forcible entry and detainer was commenced before a justice of the peace on the 18th of May, 1858, and tried before such justice on the 28th of May, 1858. The R. S. of 1857 were then in force. The defendant pleaded the general issue, and also filed a brief statement, alleging that he was then, and for a long time had been in peaceable and lawful possession of the premises, and that he claims title to the same premises. The complainant replied to the brief statement by alleging that the same was frivolous and intended for delay. The magistrate proceeded to examine the case, so far as to ascertain the truth respecting it, and determined that the replication to the brief statement was true, and, thereupon, the case was tried on the plea of not guilty, and it was adjudged by the magistrate that the defendant was guilty, as alleged, and that a writ of possession should issue at once, and such writ was issued, and the complainant put in possession. The defendant appealed. These proceedings were all according to the provisions of c. 94, R. S. of 1857.

The action was duly entered in this Court. The complainant moved the Court to dismiss the case, because no such recognizance, as the law requires, was given.

The conditions, required by § 8 of c. 94, in the recognizance to be given by a defendant when he appeals, are, that "he shall enter the suit, pay all intervening costs, and such reasonable rent of the premises as the magistrate shall adjudge, if the judgment is not reversed."

The conditions in the recognizance actually taken in this case, are, that "the defendant shall appear at the court aforesaid, and shall prosecute his appeal with effect, and recover back the possession of the premises aforesaid, and

shall pay all intervening *damages* and costs, in case he does not (recover) back possession aforesaid."

In this recognizance, there is no provision in relation to the payment of rent. But it is manifest, that that requirement is based upon the ground that the defendant is to retain possession after the appeal, until final judgment.* When, as in this case, under the recent enactment, which is somewhat anomalous, a writ of possession issues to remove the defendant, although he is allowed to appeal from the judgment on the general issue, it would be absurd to require a recognizance conditioned that the defendant should pay rent, after his removal under the writ. The statute requires it only for such reasonable rent as the magistrates shall adjudge. In a case like this, the magistrate cannot reasonably adjudge that any rent should be secured. The defendant is not bound to give such security, unless the magistrate fixes the sum and requires that it shall be secured by the recognizance. The magistrate, in this case, very properly did not fix any sum as rent, and, therefore, it was not necessary that this condition as to rent should be inserted in the recognizance.

It has been decided by this Court, that where there is no recognizance, when one is required, the appeal cannot be sustained. *Hilton* v. *Longley*, 30 Maine, 220; *Dolloff* v. *Hartwell*, 38 Maine, 54. Where the recognizance taken is not in its terms in conformity with the statute, but contains requirements not specified therein, although it does include all the statute conditions, it is void and the appeal is not perfected, and the appellate court has no jurisdiction. *French* v. *Snell*, 37 Maine, 100; *Dennison* v. *Mason*, 36 Maine, 431.

The recognizance to give jurisdiction, must be one that an action can be sustained upon by the party to whom it was given. *Ibid.*

The recognizance required by the statute, in a case like this, provides for only two liabilities—1, that the suit shall be entered—2, to pay all intervening costs. The recogniz-

ance actually taken, provides—1, that the appellant shall appear at the court aforesaid. This requirement is illegal. *French* v. *Snell*, above; 2, that "he shall prosecute his appeal with effect." The statute requires only that he shall *enter* the suit. There is a marked distinction here. "The legal effect of a recognizance to prosecute an appeal *with effect* is different from one to prosecute an appeal." *Owen* v. *Daniels*, 21 Maine, 182. 3. That "he shall recover back the possession of the premises." He may fail to do this, and yet, under the plea of the general issue, he may defeat the suit, and the " court may, or not issue a writ to restore to him the possession of the premises." § 9, c. 94. 4. That he shall pay all intervening *damages* and costs in case he does not recover back possession. The statute provides only for *costs*. It is silent as to *damages*. And the appellant is not responsible for costs, if the final judgment is in his favor, although he may fail to obtain a writ of restitution. *Harrington* v. *Brown*, 7 Pick. 231.

If the question were entirely a new one, it might deserve consideration whether a more practicable and reasonable rule would not be, to hold all recognizances sufficient which contain all the statute requirements, although they may also contain conditions not specified in the statute, the latter being rejected as immaterial and not binding on the parties. Under the decisions, a different rule must be applied until the Legislature sees fit to interpose.

We dismiss the case for want of jurisdiction. In examining the papers we perceive that there are serious questions touching the title to the whole or a part of the premises. We do not intend to affect the rights of either party on the merits of the case. The entry must be—

Dismissed for want of jurisdiction in this Court, on account of the defect in the recognizance of the appellant, without prejudice.

TENNEY, C. J., RICE, APPLETON, CUTTING and MAY, JJ., concurred.