### ALBERT H. ABBOTT versus JAMES NORTON.

In cases of forcible entry and detainer, parties are entitled to a trial by jury only upon the issue of title.

Of all other matters, the inferior court has exclusive jurisdiction, from whose judgment an appeal lies.

Where, in such case, the respondent pleaded the general issue and filed a brief statement of title in a third person, under whom he claimed, and, at the trial at *nisi prius*, waived the brief statement and relied upon the general issue : — *Held*, that the only question open to the respondent was the question of title; and, when the complainant put in his title deed, the complaint was sustained.

ON REPORT from *Nisi Prius*, WALTON, J., presiding. FORCIBLE ENTRY AND DETAINER.

At the trial, at *Nisi Prius*, the complainant proved title in himself by deed and rested his case. Hereupon the respondent contended that the complaint could not be sustained; but the presiding Judge ruled that, under the pleadings, it might be.

Thereupon the case was taken from the jury and submitted to the Law Court, with the agreement that if, upon the pleadings, proof of title in the plaintiff is sufficient to entitle him to a verdict in his favor, the respondent was to be defaulted.

The remaining facts appear in the opinion.

*Gilbert*, for the complainant.

*Tallman & Larrabee*, for the respondent.

CUTTING, J. — This was a complaint for forcible entry and detainer, originally brought before the Municipal Court of the city of Bath, and comes before this Court upon the pleadings before the magistrate.

The complainant alleges that, on July 9, 1862, the respondent, having before that time had lawful and peaceable entry into the demanded premises, and whose estate in the same was determined long before, then did and still does unlawfully refuse to quit the same, and holds the complain-

ant thereout. To this the respondent pleads not guilty, and files a brief statement of title in one *Zachariah C. Norton*, under whom he claims as his tenant.

This plea necessarily, by force of stat. c. 94, § 6, suspended the process before the Municipal, and brought it up to this Court, where the issue could only be presented upon the brief statement. It was that alone which ousted the inferior court of its jurisdiction and transferred it to this Court; where, it seems, when the action came on for trial, the respondent waived his brief statement, and relied on his plea of not guilty, thinking perhaps, that his brief statement would operate like the former fictitious demurrer which has now become obsolete. In this he was mistaken. The questions here presented were properly cognizable by the Municipal Court on the general issue, whose jurisdiction over such subjects is exclusive, and whose error in judgment can be corrected only on an appeal to this Court. *See* §§ 3, 8, of the c. before cited. Any other construction of that statute would virtually oust the Municipal Judges of their jurisdiction, and transfer all such processes into this Court upon the filing of *fictitious* brief statements putting in issue the title to real estate; upon which issue the parties were only entitled to a trial by jury. Of all other matters the inferior court has exclusive jurisdiction, from whose judgment an appeal lies to this Court. *Copeland* v. *Bean*, 9 Maine, 19.

There may have been cases brought here under similar pleadings, where we have considered such preliminary questions as have now been presented; but in those cases the consideration of the Court was not called to the point to which our attention has now for the first time been directed. The ruling, therefore, of the Judge at *Nisi Prius* was correct, and judgment must be rendered for the complainant, and, according to the agreement of the parties, the defendant is to be defaulted. *Defendant to be defaulted.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.