MELVILLE H. REED *vs.* J. BURTON REED.

Lincoln.    Opinion August 20, 1915.

*Brief Statement of Title in Defendant.    Condition.    Deed.    Delivery of Deed.*
*Forcible Entry and Detainer.    Jursidiction.    R. S., Chap. 96, Sec. 6.*

1.   To constitute an effective delivery of a deed so as to pass the title, the delivery
     must be with an intent that the title shall thereby pass.

2.   The delivery of a deed with intent that the title shall pass only on condition
     that the grantee perform certain agreements on his part does not vest the title
     in the grantee.

On motion and exceptions by defendant.    Exceptions overruled.
Motion for new trial sustained.

This is an action of Forcible Entry and Detainer, made returnable
in the Lincoln County Municipal Court and removed therefrom to
the Supreme Judicial Court on the claim that the title to the
described premises was in the defendant.    At the close of the evi-
dence, the presiding Justice directed the jury to return a verdict for
the plaintiff.    To this ruling, defendant excepted and filed motion for
new trial on the ground of newly discovered evidence.

The case is stated in the opinion.

*Carl M. P. Larrabee, and C. R. Tupper,* for plaintiff.

*Charles L. Macurda, and A. S. Littlefield,* for defendant.

SITTING:  SAVAGE, C. J., BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.    Action of forcible entry and detainer, brought in
the Lincoln Municipal Court.    The defendant pleaded the general
issue, and filed a brief statement of title in himself, the plaintiff, and
two others, as tenants in common.    Thereupon, the case was removed
to the Supreme Judicial Court, R. S., Chap. 96, Sec. 6.    The only
issue open to the defendant in the latter court is the one of title.
The court below had exclusive jurisdiction, subject to appeal, of all
other issues.    By pleading title and securing a removal of the case
all other issues are waived.    *Abbott* v. *Norton,* 53 Maine, 158; *Cushing*
v. *Danforth,* 76 Maine, 114.

The statute referred to provides for removal of a case of forcible entry and detainer only when the defendant files a brief statement of title in himself or in another person under whom he claims. It does not provide for removal when the defendant merely denies the plaintiff's title. It would seem that the statute contemplates a removal only when there is a conflict of titles. In all other cases the lower court has jurisdiction of all issues. The plaintiff, as in all other cases, must prove his title or right to maintain the action. And upon removal only the title set up by the defendant is in issue. If, however, the defendant succeeds in establishing title in himself, or in one under whom he claims, it necessarily defeats the plaintiff's title.

In this case, it was admitted that the property in question was at one time owned by the father of both these parties, and that he died intestate leaving the plaintiff, the defendant and two others as his heirs. This was prima facie proof of the defendants' title as claimed in his brief statement. The plaintiff then introduced a deed from his father to the plaintiff's wife, and another from the wife to himself. Both deeds were a part of the same transaction, and both were executed at the same time. Neither was recorded until after the death of the father. The failure to record was due, the plaintiff says, to an agreement to that effect between him and his father. But the crucial question of fact is whether the deeds were ever delivered as effective deeds, that is, with intent that they should pass the title, and be beyond the dominion and control of the grantor. If they were so delivered, the defendant has no title, and the plaintiff has one, and can maintain this action. If they were not so delivered, the defendant has title, and must prevail. To be more precise, we are concerned only with the question of delivery of the deed of the father to plaintiff's wife. If there was a valid delivery of that deed, the father was divested of his title, and no title came to the defendant by inheritance. In such case, under the pleadings, as already stated, it is immaterial to the defendant whether the deed from the plaintiff's wife to himself was effectively delivered or not.

The presiding Justice directed a verdict for the plaintiff, and the defendant excepted. The direction of the verdict involved a finding of fact by the court that the deed was delivered with intent to pass title. If no other inference could reasonably be drawn from the evidence, the ruling was correct; otherwise, it was wrong. *Horigan v. Chalmers Motor Co.,* 111 Maine, 114; *Johnson* v. *N. Y., N. H. &*

*H. R. R.*, 111 Maine, 263. The plaintiff and his wife both testified that the deed was in fact delivered. The scrivener testified that he had no recollection whether it was delivered or not. There was no other direct evidence on that question. The defendant attacks the credibility of the plaintiff, and contends that a jury would be warranted by the plaintiff's conduct and after statements in finding that there was no delivery, or if there was one, that it was upon a certain condition. We shall not discuss the evidence. We need only to say that a careful study of it leads us to the conclusion that a verdict based on non-delivery of the deed could not be sustained. The exceptions therefore must be overruled.

The defendant, after the trial, filed motions for a new trial on the ground of newly discovered evidence. We have examined the evidence taken under those motions. Some of it comes under the rule which excludes the consideration of evidence which is not in fact newly discovered, or which might have been discovered by the exercise of reasonable diligence. There is, however, the record of the testimony of the plaintiff on the question of delivery of the deed in question, given in the trial of a suit in Massachusetts, which we think fairly comes within the rule for consideration. And this evidence is of a character which, taken in connection with the evidence given at the original trial, makes it probable, in our judgment, that a jury might find that the deed, if delivered at all, was delivered on condition,—to pass title only in case the plaintiff performed certain agreements on his own part. Such a delivery does not vest title in the grantee. *Porter* v. *Read*, 19 Maine, 363. We think justice requires that the issue of valid delivery be submitted to a jury.

<div align="right">

*Exceptions overruled.*

*Motion for a new trial sustained.*