FRANK POMERLEAU *vs.* MARIE POMERLEAU.

Androscoggin.   Opinion May 2, 1924.

*In an action of Forcible Entry and Detainer, by pleading title in a brief statement under the general issue, the defendant waives all other defenses.*

A deed to one person upon condition that the grantee support the grantor during his natural life, grants only an estate upon condition, and the covenant to support, unless otherwise expressly provided, is a personal one and can only be performed by the grantee, except with the grantor's consent.

In this case the defendant by her pleadings admits disseizin, and taking no title under the deed or by descent, judgment must be for the plaintiff for possession.

On report.   An action of Forcible Entry and Detainer to recover certain real estate situated in the town of East Livermore and described in the writ.   Defendant pleaded the general issue and under a brief statement set up title in herself and the case was automatically removed to the Superior Court for Androscoggin County from the Livermore Falls Municipal Court where the action originated.   The only issue involved under the pleadings was the question as to whether defendant had title.   By agreement of the parties the cause was reported to the Law Court.   Judgment for the plaintiff for possession.

The case is fully stated in the opinion.

*Albert Beliveau,* for plaintiff.

*J. Z. Blouin and Frank A. Morey,* for defendant.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.   An action of Forcible Entry and Detainer to recover possession of certain real estate described in the writ, begun in the Livermore Falls Municipal Court in the County of Androscoggin.

The defendant pleaded the general issue, and a brief statement setting up title in herself, whereupon the case was entered at the next term of the Superior Court for that County and on an agreed statement was reported to this court.

Under the pleadings the only issue before this court is the title of the defendant, she having waived all other defenses, *Reed* v. *Reed*, 113 Maine, 522.

In support of her title the defendant offers a deed from the plaintiff to her late husband, Hosea Pomerleau, of the premises in question running in the usual form to Hosea Pomerleau and his heirs, but upon the condition that "Hosea Pomerleau shall maintain and support the said Frank Pomerleau for and during his natural life and shall at all times furnish me (him) on the place hereby conveyed with suitable and proper food," etc.

Hosea Pomerleau died June 27, 1921. The question raised by the defendant is whether this deed passed any title which descended to her and her children and they may perform the condition.

It is clear under the decisions in this State that a deed in these terms only grants an estate upon condition. *Thomas* v. *Record*, 47 Maine, 500; *Bucksport & Bangor R. R.* v. *Brewer*, 67 Maine, 295, 300, and the covenant to support implied by the acceptance of the deed is a personal one and can be performed by no one else than the grantee himself, without the grantor's consent. *Bryant* v. *Erskine*, 55 Maine, 153; *Greenleaf* v. *Grounder*, 86 Maine, 298; *Ridley* v. *Ridley*, 87 Maine, 445. In this case, possession was by the express terms of the deed to remain in the plaintiff, and if it became necessary for the grantee to live there in order to carry out any part of his covenant, as was said in *Greenleaf* v. *Grounder*, supra, his possession would be more that of a servant than an owner.

As the case stands before this court the defendant cannot now raise the issue of nul disseizin. By her pleadings disseizin is, in effect, admitted by her, in case she has no title or rights under the deed, which it is clear, under the decisions above referred to, she has not.

Entry will be:

> *Judgment for plaintiff*
> *for possession.*