286

LOUIS E. THROUMOULOS, ET AL.
*vs.*
EMMA FONTAINE BERNIER

York.    Opinion, October 2, 1948.

*Simon Spill,*
*Louis Spill,* for plaintiffs.

*Lausier & Donahue,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

THAXTER, J. We have before us here a bill in equity brought to enjoin the defendant from prosecuting certain actions of forcible entry and detainer against the plaintiffs, Louis E. Throumoulos, and Lena Segal, or sublessees of theirs, to evict them or any of them from certain property in Old Orchard, Maine, owned by the defendant and leased by her to the plaintiff, Throumoulos. To the bill the defendant filed an answer with a demurrer therein; and, after a hearing, the sitting justice sustained the bill and issued a permanent injunction as prayed for. From this decree the defendant has appealed.

The plaintiff, Throumoulos, was the lessee of the defendant, Bernier, of two separate parcels of land located at Old Orchard. The first parcel was located on East Grand Avenue and was forty by sixty-five feet. This lease was dated September 21, 1935 and ran for ten years with an option to renew for five years on the same basis. The second parcel was likewise located on East Grand Avenue and consisted of lots 22 and 23 from which was excepted the parcel previously conveyed. This lease was dated September 12, 1936 and likewise ran for ten years with an option to renew for five years "to be exercised before the termination thereof."

There was no explicit exercise of the option to renew either lease but the lessor continued to accept rent from the lessee, Throumoulos, after the termination of the first lease, and in each case permitted him or his sublessees to remain in possession and exercise dominion over the property after the expiration of the ten year period. Such holding over by the lessee is convincing evidence of intention to renew the

option, obviated the necessity of further notice, and is binding on the lessor. *Oren Hooper's Sons* v. *Sterling-Cox Shoe Co.*, 118 Me. 404; 108 Atl. 353; 32 Am. Jur. 825.

Each lease contains a covenant that the lessee "will not assign or underlet the premises or any part thereof, without the consent of the Lessor in writing on the back of this lease." The lessee did on September 9, 1939 and again on September 8, 1944, without the consent of the lessor in writing as so prescribed, sublet for a term of five years at least a portion of the buildings on the second lot to Lena Segal, and also on March 25, 1946 did lease to Arthur Gillis and Leon Serunian for a term of five years the land without the buildings included in the first lease.

Because the defendant claims that these leases were made in violation of the covenant in each lease against subletting, she brought the actions of forcible entry and detainer, the prosecution of which was enjoined by the sitting justice. The plaintiffs claim that the defendant had waived the provision of each lease requiring written consent.

Waiver is a question of fact and may be proved by acts and circumstances. If a lessor with knowledge of the subletting continues to treat the original lease as in force instead of reentering for the breach of covenant a waiver of the breach may be assumed. *The Linn Woolen Company* v. *Brown*, 110 Me. 88; 85 A. 404.

In the instant case the sitting justice had found that there was a waiver. He says that the defendant "must have known of the subletting and acquiesced therein." The evidence is ample to support that finding. In fact we do not see how any other conclusion was possible. Mrs. Bernier operated a parking lot across the street; she saw the subtenants move in; she knew that they were making extensive improvements, that they had in one case put their own sign over the entrance to the restaurant building; and there is very strong evidence that she and Throumoulos and she and some of the sublessees talked over the subleases. Instead

of taking immediate advantage of the breach of the covenant of the lease against subletting, she evidently preferred to let those in possession remain, make their improvements, carry the property through the lean months and years, and then take it over with all its improvements and operate it in times of prosperity. What she did not know was that the law will not permit such an injustice. Before asserting what she claims was her right, she watched the subtenants in the spring of 1947 take off the shutters from the restaurant and prepare it for summer business. That troublesome work having been completed, she then brought her suit to evict them.

The defendant through her counsel argues that equity will not grant its extraordinary relief in such a case as this. Apparently this contention is based on the theory that the facts set forth in the bill could be set up as a defense to the actions brought at law to evict the plaintiffs. This issue could have been disposed of in a hearing on the demurrer, and it would have been better practice to have set the case down for such hearing before the merits were considered. Presumably this was not done and a formal hearing on the demurrer was thereby waived. In spite of that procedure the question raised by the demurrer is still before this court on the appeal; for we will not grant injunctive relief if on the record before us it appears that there is an adequate remedy at law. It is not enough that there is a remedy at law. That remedy "must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity." *Boyce's Executors* v. *Grundy*, 3 Pet. 210, 215; 7 L. Ed. 655, 657; 43 C. J. S. 480.

Clearly here the legal remedy is not adequate. The action of forcible entry and detainer is a summary process to obtain possession of real estate. If perchance the Judge of the Municipal Court should render judgment for the claimant, a writ of possession, in accordance with the provisions of R. S. 1944, Chap. 109, Secs. 8 and 9, could issue immedi-

ately and the tenants be ousted from possession. Even though that possession would be restored if the tenants should prevail on their appeal, they would receive only a reasonable rent for the premises during the time they were dispossessed. In the meantime the summer business would have been gone and they would have been irreparably damaged. The right of equity to intervene is clear, particularly in view of the unconscionable conduct of the defendant. *Oren Hooper's Sons* v. *Sterling-Cox Shoe Co., supra.*

*Appeal dismissed.*
*Decree below affirmed.*