**BICKNELL MANUFACTURING COMPANY**

v.

**Kenneth L. BENNETT et al.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1980.

Decided June 27, 1980.

Collins & Crandall, P. A., by Stephen W. Hanscom, orally, Samuel W. Collins, Jr., Rockland, for plaintiff.

Silsby & Silsby by Raymond L. Williams, orally, Ellsworth, for defendants.

Before McKUSICK, C. J., WERNICK, GODFREY and GLASSMAN, JJ., and DUFRESNE, A. R. J.

WERNICK, Justice.

On September 29, 1976, plaintiff Bicknell Manufacturing Company, a Maine corporation, instituted a civil action of forcible entry and detainer in the District Court, District Six, against defendants Kenneth and Marjorie Bennett. The complaint alleged that defendants' prior "lawful and peaceable possession" as "tenants in common" of particularly described land situated in Union, Knox County, had been terminated by service upon them of a Notice to Quit. Defendants' answer to the complaint included a claim that they had title to the land at issue. Thereafter, apparently in accordance with the provisions of 14 M.R.S.A. §§ 6006 and 6007 (1965) and Maine District Court Civil Rule 80D(c), the case came before the Superior Court. After a bench trial, the Superior Court Justice decided that by having asserted a claim of title, defendants had made title the only issue to be decided in the case. After holding that plaintiff, rather than defendants, had title to the land in question, the Justice adjudicated plaintiff "vested with title to the premises" and directed entry in the Superior Court docket of "judgment . . for plaintiff against defendants." Pursuant to this directive, an entry was made in the Superior Court docket as follows:

"It is hereby DECREED and ORDERED that Judgment be entered for Plaintiff against Defendant. Date: May 3, 1979. . . . Judgment entered for Plaintiff."

From this judgment defendants have appealed to this Court.

■ We must dismiss the appeal for lack of an appealable judgment.

Rule 58 M.R.Civ.P. requires that

"when the court directs entry of judgment for . . . relief [other than for money or costs only], the court shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket in accordance with Rule 79(a) constitutes the entry of judgment . . . ."

Rule 79(a) M.R.Civ.P. requires that the notation of a judgment in the civil docket shall show

"the substance of each order or judgment of the court . . . . In the alternative the notation of an order or judgment may consist of an incorporation by reference of a designated order, judgment, opinion or other document filed with the clerk by the court, provided that the notation shows that it is made at the specific direction of the court."

Plainly, here, an appropriate form of judgment containing the *substance* of the underlying adjudication was not entered in the docket, and no incorporation by reference was directed. "Judgment . . . for plaintiff" tells nothing about what rights in the land in controversy plaintiff is adjudicated to have against the defendants. *See York Mutual Insurance Company of Maine v. Mooers, et al.*, Me., 415 A.2d 564 (1980); *Dufour v. Silsby*, Me., 405 A.2d 737, 739 (1979); *Maine Savings Bank v. DeCosta*, Me., 403 A.2d 1195 (1979).

Although we must dismiss the instant appeal, we recognize that the dismissal is attributable to a deficiency in the judgment

that is symptomatic of, and indeed may have arisen from, an underlying confusion about what happens when, as here, an action of forcible entry and detainer comes within the cognizance of the Superior Court in consequence of a defendant's assertion of a claim of title. We therefore take this opportunity to clarify aspects of the practice in actions of forcible entry and detainer that appear to have been subject to uncertainty, if not misunderstanding.

The Superior Court becomes involved in forcible entry and detainer actions by virtue of the provisions of 14 M.R.S.A. §§ 6006 and 6007, as brought in play when a defendant "claims title in himself or in another person under whom he claims the premises." We must, then, analyze those statutory provisions to reach conclusions regarding how the jurisdiction of the Superior Court attaches and the nature and extent of that jurisdiction. On the basis of these conclusions we decide: (1) what the content of the Superior Court adjudication should be, and (2) whether once the Superior Court's jurisdiction has attached, that Court finally adjudicates to the exclusion of the District Court or whether, rather, the District Court retains a residual concurrent jurisdiction by virtue of which it is the forum in which the final judgment in an action of forcible entry and detainer is entered and from which process for enforcement of the final judgment issues.

### 1.

By statute, the District Court is given the exclusive original jurisdiction of all actions of forcible entry and detainer to recover the possession of real property. 14 M.R.S.A. § 6003.[1] *See Abbott v. Norton,* 53 Me. 158 (1865) 2 Field, McKusick & Wroth, *Maine Civil Practice,* § 180D.1 (2d ed. 1970). One qualification of this jurisdiction arises when a defendant "claims title in himself or in another person under whom he claims the premises", in which event Section 6006 provides for proceedings in the Superior Court. *Reed v. Reed,* 113 Me. 522, 95 A. 211 (1915);

*Cushing v. Danforth,* 76 Me. 114 (1884); *Abbott v. Norton, supra.*

The word "removal" has at times been used to describe the shifting of the action from the District Court into the Superior Court. We conclude, however, after careful examination of the statutory scheme, that what happens is not such a "removal" as is contemplated by Rule 73(b) M.Dist.Ct. Civ.R., under which "the action . . . [is] prosecuted in the Superior Court *as if originally commenced therein.*" (emphasis added) We apprehend, rather, that the forcible entry and detainer procedure prescribed by Section 6006 establishes a hybrid jurisdictional relationship between the District Court and Superior Court by which the Superior Court hears and decides the issues that are open for decision, but the District Court continues to have a residual jurisdiction under which the final determination of the action by entry of a final judgment, as well as the issuance of process of enforcement, takes place in the District Court.

M.Dist.Ct.Civ.R. 80D(a) governs the relationship between the general body of District Court Rules and the specific procedural scheme applicable to forcible entry and detainer actions. It provides:

> "These rules [referring to the District Court Civil Rules generally] shall govern the procedure in forcible entry and detainer actions *except as otherwise provided in this rule.*" (emphasis added)

*See Maine Savings Bank v. DeCosta, supra.* Rule 80D(i) provides that:

> "There shall be no removal of forcible entry and detainer actions, except as provided by statute."

The limiting words "except as provided by statute" were added by amendment in December, 1967. Before then, Rule 80D(i) provided:

> "There shall be no removal of forcible entry and detainer actions."

*See* Field, McKusick & Wroth, *Maine Civil Practice,* (1967 Supp. to 1959 ed., at 204).

---

1. 14 M.R.S.A. § 6003 (1980) states:

   "The District Court shall have jurisdiction of cases of forcible entry and detainer."

We conclude that the December 1967 amendment brought Rule 80D(i) into harmony with Section 6006. It clarified that the Rule had not overlooked the existence of Section 6006 and its provision that a forcible entry and detainer action could, in some manner, come into the Superior Court for a trial bearing on aspects of the merits of the action. Since, however, there are important mechanical differences between the Section 6006 procedure and the "removal" achieved under Rule 73(b), Section 6006 must be held to establish a jurisdictional relationship between the District and the Superior Court different from that which arises in consequence of a Rule 73(b) "removal."[2]

Rule 73(b)[3] provides that a defendant, or other party against whom a claim is asserted, may "remove" the action to the Superior Court upon filing a notice with the court within a specified time period and by paying a specified fee. Thereafter, the clerk of the District Court transfers a copy of the record and all original papers in the case to Superior Court, and the matter is then treated "as if originally commenced" in the Superior Court. Thus, a Rule 73(b) "removal" contemplates that the Superior Court shall become the final forum in which the action is adjudicated, and shall make final disposition of the action, including entering judgment and ordering into effect relief that accompanies that judgment—all as if no proceeding in the District Court had ever occurred.

■ In contrast to the Rule 73(b) "removal" procedure, Section 6006 provides

"[w]hen the defendant claims title in himself or in another person under whom he claims the premises, he shall, except as otherwise provided, recognize in a reasonable sum to the plaintiff, with sufficient sureties, conditioned to pay all intervening damages and costs and a reasonable rent for the premises. The plaintiff shall in like manner recognize to the defendant, conditioned to enter the action in the Superior Court within 30 days and to pay all costs adjudged against him. If either party neglects so to recognize, judgment shall be rendered against him."

Thus, under Section 6006 a defendant must first claim title in himself or in another and thereafter recognize to the plaintiff in a reasonable sum before the action even becomes eligible to be brought within the jurisdiction of the Superior Court. Then, once the case is in that posture of eligibility, the plaintiff must thereafter recognize to defendant and promptly "enter" the action

2. The Advisory Committee's Note (of December 31, 1967) to Rule 80D states:
"14 M.R.S.A. § 6006 provides for entry of a forcible entry and detainer action in the Superior Court 'when the defendant claims title in himself or in another person under whom he claims the premises'. The former District Court Rule 80D(i) seems to fly in the face of this statutory provision although it could be said that 14 M.R.S.A. § 6006 provided for the commencement of a new action to try title where that issue was raised in the District Court. In any event the language added to Rule 80D(i) will make an exception only as broad as the statute provides."
See 2 Field, McKusick & Wroth, *Maine Civil Practice* (2d ed. 1970 at 506–07).

3. M.Dist.Ct.Civ.R. 73(b) states, in pertinent part:
"The defendant or any other party against whom a claim, counterclaim, or third-party claim is asserted may, within the time for serving his answer or reply thereto, remove the action to the Superior Court for the county in which the division of the District Court is located. Removal shall be effected by filing notice thereof, serving a copy thereof upon all other parties, and paying to the clerk the required fees, including the entry fee in and the cost of forwarding the action to the Superior Court as in the case of appeals. The clerk shall thereupon file a copy of the record and all papers in the action in the Superior Court, provided that the District Court shall first determine any motions for approval of attachment, trustee process or replevin pending at the time of removal of the action. If prior to removal the answer or the reply to a counterclaim required of the removing party has not been filed, it shall be filed forthwith in the Superior Court. Thereafter the action shall be prosecuted in the Superior Court as if originally commenced therein. If the party giving notice of removal does not comply with the requirements of this subdivision, the action shall be heard and determined in the District Court as if no notice of removal had been given."

in the Superior Court.[4] The plaintiff is made to bear this burden of acting to bring the action within the cognizance of the Superior Court, even though it was the defendant, by making a claim of title, who introduced the need for a shift to the Superior Court. If plaintiff fails to make adequate recognizance (and, presumably, to enter the action promptly in the Superior Court), the District Court must render judgment in defendant's favor. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 180D.3 (2d ed. 1970).

Because of these differences, and for other reasons we shall discuss, we must conclude that Section 6006 establishes a jurisdictional relationship between the District Court and the Superior Court that cannot be identified with the Rule 73(b) "removal" in which the District Court's jurisdiction is totally superseded.

Examination of Section 6006 in the context of the entire statutory scheme relating to actions of forcible entry and detainer discloses no such legislative intendment that there be a total divestment of District Court jurisdiction. Section 6006 is silent with respect to the extent of the Superior Court jurisdiction to make final disposition of the action once the title issue has been adjudicated. Moreover, it contains no express provision like that in District Court Civil Rule 73(b) which mandates as the consequence of a 73(b) "removal" that "the action shall be prosecuted in the Superior Court as if *originally commenced* therein." (emphasis added)

This statutory silence takes on affirmative meaning in light of two factors. First, as noted above, Section 6003 vests *exclusive original* jurisdiction in the District Court over all forcible entry and detainer actions. In view of that general grant, it would seem that only expressly stated and specifically drawn exceptions to the jurisdiction thus prescribed could give the Superior Court a superseding jurisdiction so total as to oust entirely the exclusive original jurisdiction vested in the District Court. Second, we think that Section 6005, as recently clarified by P.L.1979, c. 327, § 1, manifests intendment that in actions of forcible entry and detainer *only* the District Court may issue a writ of possession. As thus clarified, Section 6005 says:

"When the defendant is defaulted or fails to show sufficient cause, judgment shall be rendered against him <u>by the District Court</u> for possession of the premises and a writ of possession be issued to remove him, which may be served by a constable." (emphasis added)

The 1979 amendment's insertion of the underscored words "by the District Court" was accompanied by a Statement of Fact explaining that the purpose was to "clarify that it is the District Court which issues writ[s] of possession." This being so, since judicial power in forcible entry and detainer actions is of strictly statutory origin, *see Eveleth v. Gill*, 97 Me. 315, 54 A. 756 (1903), we must read Section 6005 to deprive the Superior Court of jurisdiction fully to dispose of any action of forcible entry and detainer.

This construction of the statutory scheme is reinforced by (1) the absence of procedural rules delineating the procedure by which the Superior Court would adjudicate these actions and issue writs of possession to implement the judgments;[5] and (2) the Advisory Committee's Note to District Court Civil Rule 80D(j), as amended last in May, 1974, which refers only to District Court clerks in discussing the issuance of writs of possession in forcible entry and detainer actions. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice*, 189–90 (Supp.1977);

---

**4.** As we discuss later in this opinion, pursuant to 14 M.R.S.A. § 6007 plaintiff may challenge in the District Court defendant's claim of title as "frivolous and intended for delay." Should the District Court Judge then find plaintiff's allegations "true", the action remains in the District Court and is adjudicated on other issues.

**5.** The Superior Court may issue writs of possession in other contexts, when specifically authorized to do so. For example, 14 M.R.S.A. § 6704 and Rule 80A(f) M.R.Civ.P. authorize the Superior Court to issue writs of possession to effectuate a judgment of title and possession rendered in a real action brought to quiet title.

*see also* Form 33, Writ of Possession, Advisory Committee's Note, 2 Field, McKusick & Wroth, *Maine Civil Practice*, 232 (Supp. 1977).

■ We therefore conclude that once the jurisdiction of the Superior Court attaches pursuant to Sections 6006 and 6007, that jurisdiction encompasses only the determination of issues; it does not extend to the entry on the Superior Court docket of the ultimate judgment disposing of the action and which is enforceable, as appropriate, by issuance of a writ of possession. After adjudicating the issues properly before it for decision, the Superior Court must then *remand* the action to the District Court for the entry of such judgment in the District Court as, in conformity to the Superior Court's adjudication of issues, will ultimately dispose of the action and constitute the basis on which, as appropriate, the District Court issues a writ of possession (or affords other further relief consistent with the Superior Court's adjudication).

### 2.

We next examine the nature of the issues the Superior Court may adjudicate once its jurisdiction has attached.

As we have already explained, the jurisdiction of the Superior Court will be brought in play in an action of forcible entry and detainer only if a defendant makes a claim of title in himself or in another under whom he claims the premises. A provision in 14 M.R.S.A. § 6007 (1980)[6] states that the District Court Judge has power to determine, upon an allegation made by plaintiff, that defendant's claim of title is "frivolous and intended for delay." If the Judge concludes that plaintiff's allegation is "true", the issue of title is thus decided; hence the action cannot come within the cognizance of the Superior Court but will remain in the District Court for final disposition. If, however, the District Court Judge rejects the "truth" of plaintiff's allegation that defendant's claim of title is "frivolous and intended for delay", then upon compliance of the parties with the requirements of Section 6006, the action is brought into the Superior Court for its appropriate consideration.

Under the statutes prior to an amendment in 1853 from which the current Section 6007 is derived, the judge (who was the then equivalent of a present District Court Judge) lacked power to screen a defendant's claim of title. Even though the claim may have been fictitious, the jurisdiction of the Superior Court nonetheless could be brought in play (if the parties made proper recognizance and the plaintiff promptly "entered" the action in the Superior Court. P.L.1824, c. 268, § 3; R.S. 1841, c. 128, § 4). In practical effect, then, by the device of a fictitious pleading a defendant could frustrate the legislative design as to the exclusive original jurisdiction of forcible entry and detainer actions and confer jurisdiction on another court (the historical equivalent of the present Superior Court). *See Abbott v. Norton, supra.*[7]

To avoid such ousting of the jurisdiction of the court legislatively given the exclusive original jurisdiction over actions of forcible entry and detainer, a remedy was judicially created. Adopting a technique already used in regard to actions of trespass, *see Copeland v. Bean*, 9 Me. 19 (1832), this Court decided that whenever a defendant

---

6. 14 M.R.S.A. § 6007 (1980) provides:
   "The plaintiff may make a written allegation that the defendant's claim of title is frivolous and intended for delay and the judge shall then examine the case so far as to ascertain the truth of such allegation, and if satisfied of the truth thereof, he shall proceed to try the cause, and if it is determined in favor of the plaintiff, he may issue a writ of possession for removal of the defendant; but this shall not prevent an appeal as provided in section 6008."

7. Even though the defendant could not "enter" the action in the other court, this being the responsibility of the plaintiff, a refusal by the plaintiff to enter the action could not keep the action for *trial* in the court given exclusive original jurisdiction. After a defendant's claim of title, failure of the plaintiff to enter the action in the Superior Court (and so to recognize) resulted in an automatic entry of judgment against the plaintiff.

asserted a claim of title, whether fictitious or arguably sustainable, defendant thereby "waived" all other defenses, and the *only* issue thereafter remaining for decision in the action was the issue of title. In the words of *Abbott v. Norton*:

> "[a]ny other construction of . . . [the] statute would virtually oust the Municipal Judges of their jurisdiction, and transfer all such processes into this Court upon the filing of *fictitious* brief statements putting in issue the title to real estate; . . .." *Id.*, at 159. (emphasis in original)

*See also Merrill v. Hinckley,* 49 Me. 40 (1860).

In 1853, however, the forcible entry and detainer statutory scheme was amended to grant the court having the original exclusive jurisdiction in forcible entry actions the power to screen a claim of title asserted by defendant and to retain jurisdiction of the action by a determination that the claim of title is "frivolous and intended for delay." P.L.1853, c. 39, § 3. *See* R.S. 1857, c. 94, § 7. Thus, since 1853 to the present, *see* Section 6007, the court having the exclusive original jurisdiction of actions of forcible entry and detainer has been empowered to prevent the ouster of its jurisdiction which, previously, could result from a defendant's assertion of a fictitious claim of title. Moreover, this statutory grant of power was tailored to fit the real evil: the ouster of jurisdiction by fictitious claims of title. The statute thus avoided the overkill inhering in the judicially created "waiver of defenses", which required that even a defendant who asserted an arguably sustainable claim of title must, by making that assertion, forfeit other valid defenses that he might have.

Notwithstanding that from 1853 to the present the legislature had provided an effective, and more appropriate, remedy for the evil the "waiver of defenses" rule was judicially created to prevent, the "waiver of defenses" rule has been retained. *See, e. g., Pomerleau v. Pomerleau,* 123 Me. 522, 124 A. 243 (1924); *Reed v. Reed, supra; Merrill v. Hinckley, supra. See also* 2 Field, McKusick & Wroth, *Maine Civil Practice,* § 180D.3 (2d ed. 1970). We discern nothing suggesting other than that the rule persists as a vestigial relic of the past. The function it once performed it no longer performs, and we find that it has taken on no other useful function. Rather, by persisting, it causes injustice; it is simply not fair to require that a defendant may assert an arguably meritorious claim of title only at the price of forfeiting other defenses he might have.

■ We therefore abrogate the "waiver of defenses" rule. We decide that a defendant who asserts a claim of title, whether fictitious or arguably sustainable, is entitled to have a decision of the merits of other defense issues he has raised. The consequences of this change of the law will be the following. Where the District Court Judge determines that the claim of title asserted by defendant is "frivolous and intended for delay", so that the action remains in the District Court for further proceedings, the issue of title is to be taken as having been thus determined, and the District Court Judge is then to consider and decide whatever other issues defendant may have raised. On the other hand, where the District Court Judge concludes that defendant's claim of title is worthy of evaluation on its merits, and in consequence of that determination the action is brought into the Superior Court, the Superior Court is to adjudicate the issue of title raised by defendant. Moreover, in the interest of promoting efficiency of judicial administration, we think it important to avoid the likelihood that two courts may become involved in hearing the same parties and possibly the same witnesses on related issues. We therefore decide that the Superior Court has a "clean-up" jurisdiction to adjudicate, as necessary, other issues of defense (in addition to the claim of title) raised by the pleadings in the District Court.

### 3.

■ Having clarified the nature and scope of the Superior Court jurisdiction to adjudicate issues raised in forcible entry

and detainer actions, we concentrate on the Superior Court's adjudication in the case at bar. The presiding Justice concluded that "Plaintiff is *vested with title* to the premises described in the Complaint . . . ." (emphasis added) and ordered that "Judgment be entered for Plaintiff against Defendants." The Justice's use of the concept of "vesting" title suggests that he may have looked upon forcible entry and detainer as an action in which a title good against the world may be established. This would be incorrect. Forcible entry and detainer is not a plenary action to quiet title to land but is, rather, a summary proceeding to decide who is entitled to the immediate possession of land. *Throumoulos v. Bernier*, 143 Me. 286, 61 A.2d 681 (1948). When, therefore, in any action of forcible entry and detainer a defendant has raised an arguably sustainable claim of title, the Superior Court is not called upon to decide which party is to be "vested" with title, i. e., to be adjudicated as having a title good against the world. The Court's adjudication as to title relates only to the question of which of the parties to the action may have a title superior to any of the other parties to the action, to provide a basis for the further adjudication of which party has the right to the immediate possession of the land in controversy. *Gray v. Hutchins*, 150 Me. 96, 104 A.2d 423 (1954).

Here, the presiding Justice failed to articulate that he was adjudicating only as to the right of immediate possession. Were his language purporting to "vest" title interpreted by the clerk of the court as adjudicating a title in plaintiff good against the world, and the clerk were to enter on the docket a judgment so stating, there would be error. The error would be the more serious in this case where defendants' claim of title derived from an adverse possession claim against a third party who was not joined in the present action and, for all that appears, was never named as a party in any other action in which a title good against the world, arising from adverse possession, properly could be adjudicated.

8. M.Dist.Ct.Civ.R. 80D(g) prohibits the filing of a counterclaim by defendant in a forcible entry and detainer action.

We therefore now clarify that in any action of forcible entry and detainer that comes into the Superior Court pursuant to the provisions of 14 M.R.S.A. §§ 6006 and 6007, the Superior Court shall: (1) adjudicate whether or not plaintiff has a title sufficiently superior to that of defendant which entitles plaintiff to the immediate possession of the land at issue; (2) adjudicate all other issues defendant has raised and which should be decided[8] to permit the case to be definitively and fully resolved; (3) based on its adjudications as delineated in the two previous points, adjudicate who of the parties is entitled to the immediate possession of the premises; and (4) then make an order: (a) stating the substance of its adjudication as to the entitlement to possession and directing entry of it on the docket of the Superior Court, and (b) directing entry on said docket of a remand of the action to the District Court for the District Court to make an entry on its docket of a "judgment of possession" in favor of the party adjudicated by the Superior Court to be entitled to the immediate possession of the premises.

We take the precaution to note that, here, defendants' answer to plaintiff's complaint, beyond asserting a claim of title, denied plaintiff's allegation that defendants

"held the . . . premises as tenants at will, which tenancy was terminated by Notice to Quit served on the defendants . . . ."

This denial may have reflected only what defendants thought was required as an incident of their assertion of title. On the other hand, the denial may have been an undertaking by defendants to raise other issues of defense directed to whether plaintiff had utilized a correct preliminary procedure to lay the foundation for bringing forcible entry and detainer, more particularly since plaintiff made no allegation that defendants were "disseizors." *See* 14 M.R.

S.A. § 6001. Were this latter approach the objective of defendants' answer, we cannot tell from the record whether defendants had abandoned whatever issues, other than the issue of title, were thus raised. True, the pre-trial memoranda of the parties filed in the Superior Court show that they agreed that the only issue for decision by the Superior Court was the issue of title. Such agreement, however, may have been made by defendants not because they really wanted to abandon any other issues raised by the answer filed in the District Court but because they believed that the law as then declared, which imposed a "waiver of defenses" rule, required such procedure. Since our decision today has abrogated the "waiver of defenses" rule, and made it the responsibility of the Superior Court to exercise a "clean-up" jurisdiction to adjudicate all issues raised in the action necessary to bring it to a definitive conclusion, it would be open to defendants to have the Superior Court, on remand, adjudicate such issues as may have been raised by their answer denying plaintiff's allegations as to a "tenancy at will" terminated by an appropriate "notice to quit"—*if* defendants still regard those as live issues.

On the other hand, defendants may see fit to make plain to the Superior Court Justice, on remand, that they are abandoning all issues raised by the pleadings except the issue of title. In that event, we instruct the parties in accordance with what we recently said in *York Mutual Insurance Company of Maine v. Mooers, et al.*, Me., 415 A.2d 564 (1980):

"Although we must dismiss this appeal . . . we are prepared to decide the merits of this case upon the briefs already filed and the oral argument already had when and if our appellate jurisdiction is properly invoked. After entry of an appropriate judgment [in accordance with the pronouncements in this

opinion], new notices of appeal may be filed and the case will be decided on the existing record supplemented by all docket entries which may be entered following our remand." [9]

The entry is:

Appeal dismissed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

9. That we would thus entertain the appeal consequent upon the filing of a new notice of appeal shows that we regard the judgment which would be entered in the Superior Court, notwithstanding that it will embody a directive of remand to the District Court, as the final judgment from which any appeal to the Law

Court must be taken. The directive of a remand to the District Court does not render the Superior Court judgment interlocutory since the action to be taken by the District Court will be only ministerial—to carry out the order of the Superior Court.