STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2011-1

CEL, LLC,

    Plaintiff/Appellant,

v.

**DECISION & ORDER ON
M.R. CIV. P. 76G APPEAL**

DIVA'S INC.,

    Defendant/Appellee.

The matter before the Court is a M.R. Civ. P. 76G appeal filed by the Plaintiff/Appellant, CEL, LLC, seeking relief from a judgment entered by the District Court in favor of Defendant/Appellee, Diva's Inc. Having reviewed the record and the parties' respective filings, the Court vacates the judgment of the District Court and remands the matter for a new trial.

## BACKGROUND

The facts underlying this appeal are not in dispute. On November 28, 2008, Diva's entered into a three-year, commercial lease agreement with CEL's predecessor-in-interest, Club Gemini, LLC. The lease required Diva's to pay rent of $2,500.00 "due on the 20[th] day of each month for the remaining initial term of the [lease]." (Pl.'s Ex. A.)[1] In the summer of 2010, CEL filed an eviction action against Diva's for failure to pay scheduled rents. The District Court dismissed the initial M.R. Civ. P. 80D Forcible Entry and Detainer ("FED") action due to CEL's failed effort to have an attorney sign the FED Complaint. On October 18, 2010, CEL delivered a Notice of Default to Diva's. To cure

---

[1] The Court references various exhibits as they were admitted at trial before the District Court.

1

the default, the Notice stated that Diva's was required, among other things, to pay a sum of $7,500.00 for the outstanding rent payments owed for July-September 2010.[2] Thereafter, Diva's also made no rent payment for the month of October 2010. (*See* 12/6/10 Tr. Trans. 18-19.) On November 2, 2010, Diva's sent CEL $5,000.00 toward rent, and this was received by CEL on November 5, 2010. (*See* 12/16/10 Tr. Trans. 4, 10; Def.'s Ex. 2)

In its FED Complaint, filed on November 9, 2010, CEL sought, among other things, to recover for the amount of rent owed for the months July-October 2010.[3] Thus, at the time of the filing of the Complaint, the "disputed rent" was $5,000.00 (4 months x $2,500 minus the $5,000 paid by Defendant to Plaintiff on November 5, 2010)[4].

On the day of trial, Diva's presented two checks for $1,000 each (Def.'s Ex. 7; 12/6/10 Tr. Trans. 11). Thus, of the $5,000.00 "disputed rent" at the time the Complaint was filed (or the $7,500.00 "disputed rent" as of the day of hearing), on the day of trial, Diva's paid into the Court $2,000.00.

CEL raised an objection prior to and during the trial that Diva's could not proceed in defending against the FED suit until it remitted full payment of the outstanding rent "in dispute", $7,500.[5] In construing the language of 14 M.R.S. § 6017(2)(A), the District

---

[2] By the time of the December 6, 2010 trial of the FED action, CEL notes that Diva's had additionally failed to make the monthly rental payment due on November 20, 2010. The Court does not reach the question of whether Defendant would have had to tender $5,000.00 (amount claimed to have been due at the time the Complaint was filed) or $7,500.00 (amount claimed to have been due as of the date of the hearing) to maintain a defense.

[4] Diva's also paid Plaintiff $186.72 apparently in an attempt to cure an alleged default with respect to other expenses. (Def.'s Ex. 2). While non-payment of the water and sewer bills and non-compliance with other provisions of the lease may have been "in dispute", the statute requires only that the amount of "disputed rent" be paid into Court as a condition of maintaining a defense.

[5] There has been no suggestion that Plaintiff's assertion of the rent due was made in bad faith, or for the sole purpose of preventing the Defendant from being able to maintain a defense to the FED action.

Court found that Diva's had shown "sufficient good faith and sufficient recognition of the requirements of the statute" to allow Diva's to defend against the action. (12/6/10 Tr. Trans. 11.), and the Court ultimately found in favor of Diva's. CEL filed a timely appeal challenging the District Court's threshold interpretation of 14 M.R.S. § 6017(2)(A).[3] In fact, the sole issue on appeal is "whether the District Court erred in failing to require that Diva[']s pay all of the disputed rent to the District Court as a condition of maintaining its defense to the FED action." (CEL's Br. 4.)

## DISCUSSION

In forcible entry and detainer actions, "either party may appeal to the Superior Court and the Law Court on questions of law as in other civil actions." M.R. Civ. P. 80D(f); *see also* 14 M.R.S. 6008 ("Either party may appeal on question of law from a judgment to the Superior Court as in other civil actions.")

It is important to note at the outset that judicial power in FED actions is strictly statutory in origin. *Tozier v. Tozier*, 437 A. 2d 645 (Me. 1981), *Bicknell Manuf. Co. v. Bennett*, 417 A. 2d 414 (Me. 1980). Whether the District Court correctly interpreted the particular statutory provision at issue is a question of law that requires de novo review. *Yeadon Fabric Domes, Inc. v. Me. Sports Complex, LLC*, 2006 ME 85, ¶ 13, 901 A.2d 200, 205 (citation omitted). The Court will first "examine the plain meaning of the statute." *Id.* "Only if the statutory language is ambiguous [will the Court] go beyond the plain meaning and look at the legislative history." *Id.* (citation omitted).

---

[3] Shortly after CEL filed a notice of appeal, Diva's filed a Motion to Dismiss the appeal as untimely. The Entry and Detainer statute plainly states that "[t]he time for filing an appeal of the Judgment of the District Court expires upon the issuance of a writ of possession ... or 30 days from the time the judgment is entered, whichever occurs first." 14 M.R.S. § 6008. Because no writ was issued, CEL filed a timely Notice of Appeal on January 31, 2011, or, twenty-eight days after the District Court's January 3, 2011 entry of Judgment. Nor can it be said that the CEL's appeal must be dismissed for want of using the "correct" appeal form. Use of a form apparently designed for a different case type in no way prejudices the Appellee here. Diva's motion to dismiss is denied.

3

It is CEL's contention that the language of 14 M.R.S. § 6017(2)(A) is plain and unambiguous, and required Diva's to remit full payment of the "disputed rent" as a condition of maintaining a defense against the FED action. The Court agrees. Section 6017(2)(A) provides:

> After termination of a commercial lease, and after a complaint for forcible entry and detainer is filed, the defendants shall, no later than the return date and as a condition of maintaining a defense, appear on the return day to pay the agreed-upon rent, including all arrears. If rent or arrears are disputed, the disputed rent, including all claimed arrears, must be paid to the court at the time of the hearing. In addition to deciding the right of possession, the District Court shall also decide the amount of rent owed, if disputed. In establishing the amount of rent owed, the District Court may consider offsetting claims to the extent appropriate. . . . Upon final decision by the District Court, that court shall order such sums as it determines proper to be turned over by the clerk to either or both of the parties....

*Id.* The record is clear that by the time of the filing of CEL's FED complaint on November 9, 2010, the amount of disputed rent was at least $5,000. ($2,500 per month for 4 months - minus the $5,000 payment). On the day of trial, Diva's presented the Court with two additional checks, each for $1,000.00, in anticipation of trial.

The mandate of 14 M.R.S. § 6017(2)(A) is clear: "[A]s a condition of maintaining a defense" to an FED action, the commercial lessee is obligated to remit to the Court any "agreed-upon" or "disputed" rent, "including all claimed arrears".[6] Having failed to provide either CEL, or the Court, with the additional $3,000.00 (or $5,500 if the amount

---

[6] The scant legislative history accompanying this provision is consistent with the plain and unambiguous language of the statute in that it does not suggest that "substantial compliance" with the statute allows a particular commercial lessee to maintain a defense to an FED action with anything less than the "agreed-upon" or "disputed" rent paid in full either to the Court, or the party claiming arrearage. *See* L.D. 759 Summary (119th Legis. 1999) ("The purpose of this bill is to expedite commercial disputes amongst commercial landlords and tenants. . . .").

4

due as of the date of the trial is applied) required to "maintain[] a defense" by the return day, Diva's cannot be said to have fulfilled the threshold requirement of 14 M.R.S. § 6017(2)(A).

Accordingly, the Court must vacate the District Court's Judgment as Diva's failed to comply with the mandate of 14 M.R.S. § 6017(2)(A). Given that the case proceeded with Diva's being permitted to present a defense and Diva's ultimately prevailed, Diva's was not put in a position of being required to pay into Court the entire amount of disputed rent before maintaining a defense. There is no record evidence that Diva's would not have paid into Court the required amount, if called upon to do so. Thus, while the appeal is granted, the matter is remanded for a new trial at which time Diva's will be required to pay into Court the amount of "disputed rent" as a condition of maintaining a defense

The entry is:

1. CEL, LLC's appeal from the District Court, filed pursuant to M.R. Civ. P. 76G, is **GRANTED** and the matter remanded for a new trial.

2. Diva's Inc.'s Motion to Dismiss the appeal is **DENIED.**

3. This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: May 12, 2011

Ann M. Murray
Justice, Maine Superior Court

5