JOSEPH W. PATTERSON *versus* SAMUEL STODDARD.

The defendant, under a verbal agreement to purchase certain real estate of the plaintiff, went into possession thereof. He failed to pay at the time stipulated, and afterwards voluntarily abandoned the premises. Though there was no agreement to pay rent, it was held that he sustained the relation to the plaintiff of tenant at will.

The occupation having been beneficial to him, the law will imply a promise on his part, when he took possession, to pay for the use of the premises, if he failed to fulfil his part of the contract.

In such case, assumpsit for use and occupation is the appropriate remedy.

REPORTED by RICE, J.

THIS was an action of ASSUMPSIT for use and occupation of certain real estate.

There was no evidence in the case except the testimony of the plaintiff; the material part of which was, that in the spring of 1853, he made a verbal bargain to sell the defendant a farm which he owned in Hallowell. The price agreed on was to be paid in two or three months. At the expiration of the time, the defendant could not pay. He remained in possession two years; cut about twelve tons of hay each

year. A reasonable rent for the two years would be $150. The defendant voluntarily abandoned the place in January, A. D., 1856, when the plaintiff took possession of it.

If, upon the evidence, the Court, exercising jury powers, should be of opinion that this action is maintainable, the defendant is to be defaulted, to be heard in damages; otherwise the plaintiff is to become nonsuit.

*Vose,* for the plaintiff, argued that this form of action was the only remedy of which the plaintiff could avail himself. In all essential particulars, it was identical with the case of *Gould* v. *Thompson,* 4 Met., 224.

*Stinchfield,* for the defendant.

The opinion of the Court was drawn up by

DAVIS, J.—The defendant made a verbal contract with the plaintiff for the purchase of certain real estate, and, with his permission, went into the occupation thereof. Neither party was liable to the other for not performing his part of this contract.

After remaining in possession two years, the defendant voluntarily abandoned the premises; and the plaintiff has brought this action of assumpsit for the use and occupation thereof.

There was no agreement on the part of the defendant to pay rent. And if he had been ready to pay for the place, and the plaintiff had refused to convey it to him, he would not be liable for the use and occupation of it. But he sustained the relation to the plaintiff of tenant at will; and the plaintiff was ready to convey the premises to him, but he neglected to pay therefor. The occupation was beneficial to him; and, in order to do justice between the parties, the law will imply a promise on his part, when he took possession, in case he should fail to fulfil his part of the contract, to pay for the use of the premises. The defendant must therefore be defaulted, to be heard in damages.

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, JJ., concurred.