UNITED STATES OF AMERICA *vs.* CHARLES C. BURRILL.

Hancock.        Opinion December 15, 1910.

*United States. Right to Sue. Property of the United States. Adverse Possession. Betterments. Statute, 1821, chapter 47; 1885, chapter 363. Revised Statutes, 1841, chapter 147, section 12; 1857, chapter 105, section 11; 1883, chapter 105, section 11; 1903, chapter 96, section 1; chapter 106, section 20.*

The United States acts in a dual capacity, as a sovereign and as a body politic or corporate; and while in its sovereign capacity it cannot be sued, following the common-law doctrine that suit will not lie against the crown, yet in its corporate capacity as a body politic it can contract and hold property, real and personal, and as an attribute to such right, can sue to preserve and protect its property, and can avail itself of the same remedies and in the same tribunals that other owners can, and hence may sue in forcible entry and detainer in a State court to obtain possession of its property.

No title by adverse possession can be acquired except by statute against the sovereign, be it crown, national government or State.

A claim for betterments can be set up only in real actions, Revised Statutes, chapter 106, section 20, relating to betterments, applying only to such actions, and cannot be recovered in forcible entry and detainer, since chapter 96, section 1, provides that such action may be maintained against a disseizor who has not acquired any claim by possession or improvement.

As a claim for betterments can arise only out of an adverse possession of such a character that it could, by lapse of time, mature into a title, no valid claim therefor can be set up against the United States.

On exceptions by defendant.     Overruled.

Action of forcible entry and detainer brought by the United States of America in the Ellsworth Municipal Court, against the defendant, Charles C. Burrill of Ellsworth, alleging that said Burrill on the 20th day of September, A. D. 1902, disseized the plaintiff of a certain parcel of land therein described situated in said Ellsworth and constituting a portion of the Federal Building site.

The case is stated in the opinion.

*Robert Treat Whitehouse*, U. S. District Attorney, for plaintiff.
*Henry M. Hall*, for defendant.

Sitting :    Emery, C. J., Savage, Peabody, Spear, Cornish, JJ.

Cornish, J.    This action of forcible entry and detainer originated in the Ellsworth Municipal Court, where defendant pleaded not guilty and filed a brief statement claiming title in himself, and thereupon, under R. S., ch. 96, sec. 6, the cause was removed to the Supreme Judicial Court for Hancock County, where by agreement it was submitted to the determination of the presiding Justice, each party reserving the right to except.    After removal and before hearing in the Supreme Judicial Court, the defendant added to his pleadings by filing a claim for improvements, or betterments so called, under R. S., ch. 106, sec. 20.    The presiding Justice ordered judgment for the plaintiff and the defendant excepts.    The contentions of the defendant, all of which were overruled below, will be considered in their order.

1.    That as a matter of law the United States cannot maintain the action of forcible entry and detainer.

Both reason and authority sustain the opposite view. The United States acts, so to speak, in a dual capacity, as a sovereign and as a body politic or corporate. In its sovereign capacity it cannot be sued, following the common law doctrine that no suit can be maintained against the Crown; but in its corporate capacity as a body politic, it is capable of making contracts and of holding property both real and personal. One of the inherent attributes of ownership is the right to preserve and protect the property owned. This is a right which belongs to every individual and corporation and no reason exists why the sovereign alone as a body politic, should be deprived of this power and be at the mercy of every trespasser. As the owner of property its rights and powers are not inferior to the rights and powers of other owners, and it can avail itself of the same remedies and in the same tribunal as they can. As a holder of negotiable paper, it has the right to enforce payment of the same, *United States* v. *Bank of the Metropolis*, 15 Pet. 392, the same as the State of Maine has the right to enforce an official or other bond, *State* v. *Peck*, 53 Maine, 284. This precise question arose in *Cotton in Error* v. *U. S.*, 11 How. 229, where it was contended that the United States could not maintain an action of trespass quare clausum, and the court in sustaining the action dispose of the contention in these words: "It would be a strange anomaly, indeed, if having the power to make contracts and hold property as other persons, natural or artificial, they were not entitled to the same remedies for their protection. . . . Although, as a sovereign, the United States may not be sued, yet as a corporation or body politic they may bring suits to enforce their contracts and protect their property, in the state courts, or in their own tribunals administering the same laws. As an owner of property in almost every state of the Union, they have the same right to have it protected by the local laws that other persons have." This decision has been reaffirmed in many subsequent cases; *U. S.* v. *Cook*, 19 Wall. 591-4; *U. S.* v. *Tygh Valley Co.*, 76 Fed. Rep. 693; *U. S.* v. *Holmes*, 105 Fed. Rep. 41; *Jones* v. *U. S.*, 48 Wis. 409, 4 N. W. 519; and in *U. S.* v. *Bitter Root Devel. Co.*, 200 U. S. 451, a bill in equity was dismissed on the ground that the plaintiff had a full and adequate remedy at law in an action of trespass.

The only authority cited by the defendant in support of his position is a statement in Washburn Real Prop., 5th Ed., Vol. 3, page 203, to the effect that "A State cannot maintain an action of trespass, to try the title to land, or an action of ejectment because a state cannot be disseized. The remedy against a trespasser in such case in favor of the state is by information for intrusion." The only authorities cited to support this doctrine are *State* v. *Arledge*, 1 Bail, (S. C.) 551, which rests upon an early Colonial case never reported, and *Jackson* v. *Winslow*, 2 Johns. (N. Y.) 80, which is not in point.

The reason given by the learned text-writer is entirely illogical. It is true that no title by adverse possession can be acquired against the State, that is disseizin of the State's property cannot ripen into title, but it does not follow that the State cannot be disseized, which requires but a brief time and means "A wrongful entry upon the property of another, accompanied by the removal of the owner from possession," *Worcester* v. *Low*, 56 Maine, 265, or "a wrongful deprivation of the demandant's seizin," *Roberts* v. *Niles*, 95 Maine, 244. The action at bar is brought against the defendant as a disseizor not against him as having title by disseizin. The failure to distinguish between disseizin and title by disseizin led to the paragraph quoted.

In view therefore, of the overwhelming authority against such a doctrine and the lack of reasoning to support it, we are of the opinion that the United States is a proper party to institute and maintain this action of forcible entry and detainer.

2. The second contention is that the defendant had acquired title to the locus by adverse possession.

The only reason given for this contention is that under this form of action the plaintiff admits that the possession of the defendant shall be regarded as adverse and therefore it must abide the legal result of such possession for more than twenty years. Here again the distinction is ignored between a possession that is adverse in fact, that is, without right, and a possession adverse in law, that is, that can ripen into a title. The defendant's possession here was adverse in fact, but it could never ripen into a title because no title

by adverse possession can be acquired except by statute against the sovereign, be it Crown or National Government or State. This is elementary law. Coke Litt. 57; *Oaksmith's Lessee* v. *Johnston,* 92 U. S. 343; *Sparks* v. *Pierce,* 115 U. S. 408; *Ward* v. *Bartholemew,* 6 Pick. 409; *Cary* v. *Whitney,* 48 Maine, 576. Cyc. Vol. 1, page 1111 and 1112, and cases cited.

. In making this statement we have not overlooked the case of *Treat* v. *Lord,* 42 Maine, 552, (1856) in which it is said (page 560), that 'the state may be disseized of its public lands. To the same effect is *Hinckley* v. *Haines,* 69 Maine, 76. But these cases and others to the same effect, rest upon the express statute then existing which provided that "no real or mixed action for the recovery of lands shall be commenced in behalf of the state, unless within twenty years after the time when its title accrues." R. S., 1883, ch. 105, sec. 11; and see R. S., 1841, ch. 147, sec. 12; R. S., 1857, ch. 105, sec. 11. This section, however, was repealed by ch. 368 of the Pub. Laws of 1885. *Roberts* v. *Richards,* 84 Maine, 1.

3. The defendant finally contends that he is entitled to improvements or betterments in this action.

The answers to this are many. In the first place, the statute providing for betterments, R. S., ch. 106, sec. 20, et seq., applies only to real actions. The original statute, ch. 47, of Pub. Laws of 1821, is entitled "An act for the settlement of certain equitable claims arising in real actions." All the proceedings have to do with that class of cases and cannot be made to fit an action of forcible entry and detainer.

In the second place, the action of forcible entry and detainer cannot be maintained at all if the defendant is entitled to betterments. The statute distinctly so states. "Process of forcible entry and detainer may be maintained against a disseizor who has not acquired any claim by possession or improvement." R. S., ch. 96, sec. 1. If therefore, the defendant is entitled to betterments, such claim if established is not to be enforced in this action but it destroys the action itself and leaves both parties to their respective rights and remedies in a real action. *Dunning* v. *Finson,* 46 Maine, 546-552; *John* v. *Sabattus,* 69 Maine, 473; *Folsom* v. *Clark,* 72 Maine, 44.

In the third place the defendant is not entitled to betterments, because that claim can arise only out of an adverse possession and only out of an adverse possession of such a character that it could by lapse of time mature into a title.

"To entitle the tenant to betterments . . . the possession must be such, that if prolonged for a period of twenty years, it would by disseizin give him the fee." *Pratt* v. *Churchill*, 42 Maine, 471.

"Betterment rights are acquired by adverse possession which, continued for twenty years, ripens into a perfect title by disseizin." *Moore* v. *Moore*, 61 Maine, 417, and see *Bent* v. *Weeks*, 46 Maine, 524.

The reason for this is that if an occupation of twenty years would give title to the land which would include the improvements, the legislature deemed it fair that after an occupation of six years by such a tenant, he should be compensated for his improvements if compelled to leave the land. Whoever occupies public land, however, does so at his peril. He gains no title by occupation however long, and therefore no claim for improvements. Occupation without right gives such a tenant in the absence of statute to the contrary, no rights either in the land or the improvements. The one is a corollary upon the other, and as against the sovereign both fail.

Upon all the points raised by the exceptions, the rulings of the presiding Justice were without error and the entry must be,

*Exceptions overruled.*