**Barry L. FRASER, et al.**

v.

**Estelle T. FRASER, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 1991.

Decided Nov. 1, 1991.

John J. Sears, (orally), Portland, for plaintiffs.

James F. Day, (orally), Bath, for defendants.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Defendants Estelle T. Fraser and Duane F. Fraser appeal from summary judgments entered in the Superior Court (Cumberland County, *Alexander, J.*) in consolidated forc-

---

ible entry and detainer actions transferred from the District Court (Brunswick) pursuant to 14 M.R.S.A. § 6006 (1980). Estelle Fraser contends that the Superior Court failed to decide the issue of title to the dwelling that was located on land Estelle leased from plaintiffs Barry and Phoebe Fraser. Duane Fraser argues that because material facts were in dispute, it was improper for the court to determine on summary judgment that he had no right to reside in the dwelling. We find no error and affirm the judgments.

In 1976, shortly after she was widowed, Estelle entered into a lease agreement with her son Barry and his wife Phoebe, under which Estelle would be permitted to live in a mobile home located on a 100 × 150–foot portion of Barry's and Phoebe's land in Harpswell. The lease provided that Estelle could live on those premises "for so long as [she] should desire to reside in said mobile home on the leased premises or until her death, whichever is first to occur." Estelle was to pay rent of one dollar per year and the taxes assessed by the Town on the leased portion of the premises. Upon termination, the mobile home could be removed, but "all appurtenant systems, fixtures and structures shall remain on the premises and shall become the property of the Lessors." The lease also specifically provided that the mobile home was to be occupied by Estelle and Estelle's daughter, Karen Fraser, and that Karen could occupy the premises only while Estelle was living there.

In 1979, the mobile home was destroyed by fire. Shortly after the fire, the parties agreed that a wooden dwelling could be constructed on the premises. Estelle paid for a prefabricated home and materials. Barry provided much of the labor to construct the house. No new lease agreement was signed, nor was the existing written lease changed. While the new house was being constructed, Karen moved elsewhere. When the new house was completed, Estelle asked if Duane, her son and Barry's brother, could move into the house with her because he had been evicted from his apartment and was having health problems. Barry and Phoebe consented. Duane has been on the premises since 1980.

In 1988 and 1989, Estelle began to spend a great deal of time away from the Harpswell home, pursuing her interest in horse racing. Both the interior and exterior of the home fell into considerable disrepair while Duane resided there, often alone. In August 1989, after serving notices of eviction, *see* 14 M.R.S.A. § 6002 (Supp.1990), Barry and Phoebe brought separate forcible entry and detainer actions against Estelle and Duane in the District Court. *See* 14 M.R.S.A. §§ 6001–6008 (1980 & Supp. 1990). After the cases were consolidated, they were transferred to the Superior Court pursuant to 14 M.R.S.A. § 6006 for a determination of Estelle's claim of title.[1]

Estelle and Duane filed a motion for summary judgment in the Superior Court. After a hearing, the Superior Court granted the motion as to Estelle, allowing her to remain on the premises as long as she complies with the terms of the lease. The court, however, entered judgment for Barry and Phoebe against Duane,[2] concluding that Duane is not entitled to occupancy of the premises under the terms of the lease. Following denial of their motion for reconsideration based on the Superior Court's alleged failure to decide the issue of title to

---

**1.** 14 M.R.S.A. § 6006 (1980) provides as follows:

When the defendant claims title in himself or in another person under whom he claims the premises, he shall, except as otherwise provided, recognize in a reasonable sum to the plaintiff, with sufficient sureties, conditioned to pay all intervening damages and costs and a reasonable rent for the premises. The plaintiff shall in like manner recognize to the defendant, conditioned to enter the action in the Superior Court within 30 days and to pay all costs adjudged against him. If either party neglects to so recognize, judgment shall be rendered against him.

Only Estelle Fraser asserted a claim of title. After the District Court determined that Estelle's claim of title was not frivolous nor intended for delay, *see* 14 M.R.S.A. § 6007, the consolidated cases were transferred to the Superior Court.

**2.** M.R.Civ.P. 56(c) allows the court to render summary judgment against the moving party.

the dwelling, Estelle and Duane filed this appeal.[3]

In invoking 14 M.R.S.A. § 6006, Estelle claimed title to the home from which Barry and Phoebe attempted to evict her. Even though the Superior Court determined that she was not subject to eviction and could continue to reside in the home for life subject to the terms of the lease, Estelle contends on appeal that the Superior Court committed error by not fully deciding the issue of title raised pursuant to section 6006 and declaring her the owner of the building. We find her contention to be without merit.

█ The ultimate issue to be decided in a forcible entry and detainer action transferred to the Superior Court pursuant to section 6006 is not in whom title to property is ultimately vested, but rather, as between the parties, who has a right to immediate possession to the exclusion of the others. *See Tozier v. Tozier*, 437 A.2d 645, 647 (Me.1981); Field, McKusick & Wroth, *Maine Civil Practice* § 180D.3 at 676 (2d ed. Supp.1981). The Superior Court's adjudication as to title

> relates only to the question of which of the parties to the action may have a title superior to any of the other parties to the action, to provide a basis for the further adjudication of which party has the right to the immediate possession of the land in controversy.

3. The Superior Court properly remanded the cases to the District Court for "issuance of any order to enforce the terms of this judgment." *See Bicknell Mfg. Co. v. Bennett*, 417 A.2d 414, 416 (Me.1980) (Superior Court hears and decides issues to be determined after transfer pursuant to 14 M.R.S.A. § 6006, District Court retains a "residual jurisdiction under which the final determination of the action by entry of a final judgment ... takes place in the District Court."). Notwithstanding that there is no final judgment in a forcible entry and detainer case until the District Court enters judgment after remand, the Superior Court judgment in the present circumstances can be considered final for the purpose of appeal. *Bicknell,* 417 A.2d at 422 n. 9.

4. In *Bicknell,* 417 A.2d at 421, we detailed the Superior Court's role in entry and detainer actions that come before it pursuant to 14 M.R.S.A. §§ 6006 and 6007:

> [T]he Superior Court shall: (1) adjudicate whether or not plaintiff has a title sufficiently

*Bicknell Mfg. Co. v. Bennett*, 417 A.2d 414, 421 (Me.1980).[4]

█ The Superior Court expressly determined Estelle's right to immediate possession. Implicit in that decision is a conclusion that Estelle's right to immediate possession in the dwelling on Barry and Phoebe's land is superior to that of Barry and Phoebe, thereby precluding their ability to evict her. The court's judgment sufficiently decides the matter of title within the meaning of section 6006 because it resolves the right to immediate possession among the parties to the forcible entry and detainer action. *Bicknell,* 417 A.2d at 421. Estelle is free to seek a determination of any legal or equitable title rights she may have in the dwelling in a plenary proceeding, such as a real action or an action for declaratory judgment. *See Tozier,* 437 A.2d at 649.

In granting summary judgment in favor of Barry and Phoebe, the Superior Court determined that Duane Fraser was not entitled to occupy the premises and remanded the case to District Court for the issuance of a writ of possession. Duane contends on appeal that summary judgment was improperly entered against him because there are material factual disputes in regard to his status as a tenant, whether the lease was amended after the mobile home was destroyed and replaced by the current

> superior to that of defendant which entitles plaintiff to the immediate possession of the land at issue; (2) adjudicate all other issues defendant has raised and which should be decided to permit the case to be definitively and fully resolved; (3) based on its adjudications as delineated in the two previous points, adjudicate who of the parties is entitled to the immediate possession of the premises; and (4) then make an order; (a) stating the substance of its adjudication as to the entitlement to possession and directing entry of it on the docket of the Superior Court, and (b) directing entry on said docket of a remand of the action to the District Court for the District Court to make an entry on its docket of a "judgment of possession" in favor of the party adjudicated by the Superior Court to be entitled to the immediate possession of the premises.

*Id.* (footnote omitted).

dwelling, and whether Barry and Phoebe Fraser are estopped from denying his right to reside in the premises. In considering Duane's contentions, we review the record in a light most favorable to him, *see St. Louis v. Hartley's Oldsmobile–GMC,* 570 A.2d 1213, 1215 (Me.1990), and conclude that they are without merit.

 The written lease allows Karen Fraser to occupy the premises, but only if Estelle is residing there also. Nothing in the record suggests that the written lease was modified in any way to permit Duane to take Karen's place or to become a tenant. Duane admits that he had no discussion with Barry and Phoebe about living on the property. He has never paid any rent. He was, at most, a tenant at will, and his tenancy could be terminated pursuant to 14 M.R.S.A. §§ 6001 and 6002, with which Barry and Phoebe complied. Nor are Barry and Phoebe estopped from evicting Duane. The fact that they allowed him to live on the premises rent free for a number of years does not amount to misleading conduct, and there is no evidence that Duane was prejudiced by his reliance on their conduct. *See Roberts v. Maine Bonding & Casualty Co.,* 404 A.2d 238, 241 (Me.1979).

The entry is:

Judgments affirmed.

All concurring.