1999 ME 15

**FROST VACATIONLAND PROPERTIES, INC.**

v.

**James PALMER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 20, 1998.

Decided Jan. 22, 1999.

---

Robert V. Hoy, Platz & Thompson, P.A., Lewiston, for plaintiff.

Robert M. Morris, Carton, Davis & Morris, P.A., Brunswick, for defendants.

Before CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] James and Linda Palmer appeal from an order of the Superior Court (Aroostook County, *Pierson, J.*) affirming a summary judgment entered in the District Court (Houlton, *Griffiths, J.*) in favor of Frost Vacationland Properties, Inc. (Vacationland) in its forcible entry and detainer (FED) action pursuant to 14 M.R.S.A. § 6001 (Supp.1998).[1] The Palmers argue that Vacationland's FED action is precluded because they are disseisors that have acquired a claim by possession and improvement. We affirm the judgment of the Superior Court.

[¶ 2] The facts in the light most favorable to the Palmers are as follows. In July 1992, Linda Palmer and Robert B. Fryer, Jr., President of Vacationland, signed a purchase and sale agreement for parcel A of the Peek–A–Boo Mountain Estates in Weston. Linda submitted a partial down payment of $250 and agreed to pay the total down payment of $1,000 at the closing, which the parties scheduled for some time in August. Linda further agreed to pay the balance of the purchase price or $10,000 after the closing.

[¶ 3] On signing the purchase and sale agreement, Fryer told Linda and her husband, James, that they could begin improvements on the land immediately. As a result, the Palmers provided a water hook-up, cleared the lot, and installed a driveway and septic system. Fryer also told the Palmers that they could place a mobile home on the parcel.

[¶ 4] Fryer delayed the closing date without an explanation. During this delay, the Palmers applied to the Maine Department of Environmental Protection (DEP) and the Town of Weston for permission to improve the lot and install a mobile home. Later that fall, Fryer told the Palmers that there was a problem with the title to parcel A, but he never indicated that he could not complete the sale. The Palmers continued to improve parcel A and arranged, with Fryer's knowledge and consent, for an expensive electrical hookup on the lot in early 1993. The Palmers made $14,000 worth of improvements to parcel A.

[¶ 5] In April 1993, the Palmers' attorney conducted a title search and discovered that parcel A is a common area of the subdivision that cannot be conveyed without a deed of release from all owners and an amendment to the DEP subdivision approval plan. The parties never completed the sale for parcel A, and Fryer never accepted any payments from the Palmers other than the initial payment of $250. The Palmers, however, continued to use parcel A.

[¶ 6] In February 1997, after serving a notice of termination on Linda Palmer pursuant to 14 M.R.S.A. § 6002 (Supp.1998), Vacationland brought an FED action against the Palmers pursuant to 14 M.R.S.A. § 6001 (Supp.1998). The District Court granted a summary judgment in favor of Vacationland and the Palmers appealed to the Superior Court, seeking a jury trial pursuant to M.R. Civ. P. 80(D)(j) and the issuance of a stay pending the appeal. The Superior Court affirmed the judgment of the District Court. This appeal followed.

[¶ 7] A trial court must enter a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by [M.R. Civ. P.] 7(d) show that there is no

---

1. Title 14 M.R.S.A. § 6001 provides in pertinent part:

   Persons against whom process may be maintained. Process of forcible entry and detainer may be maintained against a disseisor who has not acquired any claim by possession and improvement; against a tenant holding under a written lease or contract or person holding under such a tenant; against a tenant where the occupancy of the premises is incidental to the employment of a tenant; at the expiration or forfeiture of the term, without notice, if commenced within 7 days from the expiration or forfeiture of the term; against a tenant at will, whose tenancy has been terminated as provided in [14 M.R.S.A. § 6002] . . . .

   . . . .

   14 M.R.S.A. § 6001 (Supp.1998).

genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c). "On appeal from a grant of summary judgment, we view the evidence in the light most favorable to the nonprevailing party, and review the trial court decision for errors of law." *Greenvall v. Maine Mutual Fire Ins. Co.,* 1998 ME 204, ¶5, 715 A.2d 949, 951. When the Superior Court acts as an intermediate appellate court, we review directly the decision of the District Court. *See Melanson v. Matheson,* 1998 ME 117, ¶6, 711 A.2d 147, 148.

[¶8] An FED action is a summary proceeding to determine the single issue: who is entitled to the immediate possession of the property. *See Tozier v. Tozier,* 437 A.2d 645, 647 (Me.1981). The court's "adjudication as to title relates only to the question of which of the parties to the action may have a title superior to any of the other parties to the action, to provide a basis for the further adjudication of which party has the right to the immediate possession of the land in controversy." *Fraser v. Fraser,* 598 A.2d 751, 753 (Me.1991). The District Court, by granting a summary judgment in favor of Vacationland, concluded that Vacationland had the right to immediate possession.

[¶9] A party seeking a writ of possession pursuant to an FED action must comply with section 6001(1). *See Rubin v. Josephson,* 478 A.2d 665, 667 (Me.1984). Section 6001(1) sets forth those parties against whom an FED action may be brought as follows:

> Process of forcible entry and detainer may be maintained against a disseisor who has not acquired any claim by possession and improvement; [and] ... against a tenant at will, whose tenancy has been terminated as provided in [14 M.R.S.A. § 6002] ....

14 M.R.S.A. § 6001(1) (Supp.1998). The Palmers argue they are (1) not tenants at will and (2) are disseisors who have acquired a claim by possession and improvement. We disagree.

[¶10] A tenant at will is "[o]ne who holds possession of premises by permission of owner or landlord, but without fixed term." BLACK'S LAW DICTIONARY 1466 (6th ed.1990). A tenancy-at-will relationship may arise even if the parties do not agree to the payment of rent or a landlord and tenant relation does not exist. *See Fraser,* 598 A.2d at 754 (FED action brought against tenant at will who lived with tenant on landlord's land, did not pay rent, and was not a party to lease); *Patterson v. Stoddard,* 47 Me. 355, 356 (1860) (defendant, a prospective purchaser of land, assumes tenant-at-will relationship with landowner when defendant moves on land, sale is not completed, defendant does not pay rent, and parties do not enter lease agreement). Here, the Palmers never paid rent or entered into a lease agreement with Vacationland. *See Fraser,* 598 A.2d at 754; *Patterson,* 47 Me. at 356. The Palmers entered on the land in contemplation of a sale of that land, the sale was never completed, and the owner never demanded rent. *See Patterson,* 47 Me. at 356. Vacationland permitted the Palmers to remain on the premises. *See Fraser,* 598 A.2d at 754; *Patterson,* 47 Me. at 356. The Palmers, as tenants at will whose tenancy was terminated as provided in section 6002, were therefore subject to an FED action.

[¶11] Additionally, the Palmers are not disseisors. A disseisor is one who enters another's land "intending to usurp the possession and to oust another of his freehold." *Sweeney v. Dahl,* 140 Me. 133, 138, 34 A.2d 673, 675 (1943) (citation omitted). A disseisin requires "[a] manifest intention to oust the real owner." *Id.* (citation omitted). A disseisin is "an actual, visible, and exclusive appropriation of land, commenced and continued under a claim of right, either under an openly avowed claim, or under a constructive claim arising from the acts and circumstances attending the appropriation to hold the land against him who was seized." *Id.* (citation omitted).

[¶12] Here, the Palmers have not demonstrated an "actual, visible, and exclusive appropriation" of parcel A. *See id.* The Palmers entered the land in contemplation of purchasing the land pursuant to a purchase and sale agreement, not with a "manifest intention to oust the real owner." *See id.* The Palmers continued to stay on the land in

reliance on Fryer's promises, not because of a declared "claim of right" for the appropriation of parcel A. Consequently, the Palmers were not disseisors pursuant to section 6001.

[¶ 13] Finally, even if they had been disseisors, the Palmers did not establish a "claim by possession and improvement" that would have precluded Vacationland from bringing an FED action against them. A claim by possession and improvement occurs when a party establishes a claim for betterments pursuant to 14 M.R.S.A. § 6956 (1980)[2] or by adverse possession. *See United States v. Burrill*, 107 Me. 382, 387, 78 A. 568, 570 (1910) (claim for betterments may arise out of adverse possession); *Reed v. Elwell*, 46 Me. 270, 279 (1858) (dicta, noting disseisor must be in possession long enough to be entitled to betterments). The Palmers argue that they made $14,000 worth of improvements to parcel A during the four and one-half years between the signing of the purchase and sale agreement and the commencement of this FED action. Because a claim for betterments pursuant to section 6956 requires a party to have possession of the land for six years and the Palmers cannot claim betterments by adverse possession, the Palmers have not successfully alleged "a claim by possession and improvement" that precludes Vacationland's FED action.[3]

[¶ 14] Vacationland can maintain an FED action against the Palmers either because they are tenants at will or because they are not disseisors who have acquired a claim by possession and improvement.

The entry is:

Judgment affirmed.

---

2. Title 14 M.R.S.A. § 6956 provides:
   **Betterments allowed after 6 years' possession**
   When the demanded premises have been in the actual possession of the defendant or of those under whom he claims for 6 successive years or more before commencement of the action, such defendant shall be allowed a compensation for the value of any buildings and improvements on the premises made by him or by those under him whom he claims, to be ascertained and adjusted as provided.

14 M.R.S.A. § 6956 (1980).

3. The Palmers may pursue any equitable or legal claims to title against Vacationland in a real action. *See Fraser*, 598 A.2d at 753 (defendant in an FED action "is free to seek a determination of any legal or equitable title rights she may have in the dwelling in a plenary proceeding, such as a real action or an action for declaratory judgment.").