■ WIDEWATERS AROOSTOOK CENTRE COMPANY, Respondent, v NOAH'S OF COPLEY PLACE, INC., Appellant. [700 NYS2d 322] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Before completion of plaintiff's shopping center in Maine, the parties entered into a lease pursuant to which defendant would

operate a gift shop there. The lease, which by its terms is to be construed pursuant to Maine law, was for 10 years but either party had the right to terminate it after three years if the tenant was not in default and had annual minimum gross sales of less than $375 per square foot "during the third full Lease Year". The lease provided for six months' prior written notice of termination, to be given within 60 days after the end of the third full lease year. Defendant contends that notice could be given at any time before March 1, 1997, and that it gave notice of termination by an undated letter that plaintiff rejected as untimely on September 20, 1996. Supreme Court properly determined that the lease is not ambiguous (*see generally, Gagne v Stevens,* 696 A2d 411, 414 [Me]; *see also, Kandlis v Huotari,* 678 A2d 41, 43 [Me]; *Town of Lisbon v Thayer Corp.,* 675 A2d 514, 516 [Me]), and agreed with plaintiff that notice was permissible only between January 1 and March 1, 1997. The termination provision is triggered only if the tenant's annual minimum gross sales during the third full lease year are less than the specified amount, and thus either party had the option to give notice terminating the lease between January 1 and March 1, 1997 after the third full lease year if in fact that amount was not reached. The court therefore properly granted that part of plaintiff's motion seeking dismissal of the third affirmative defense.

The court erred, however, in granting those parts of plaintiff's motion seeking partial summary judgment on liability and dismissal of the first and second affirmative defenses. Although the lease contained a clause that prohibited oral modification, such clauses may be modified by agreement of the parties (*see, Granger N. v Cianchette,* 572 A2d 136, 139 [Me]). In opposition to plaintiff's motion, defendant's president averred that he and Joseph Kane, plaintiff's representative, had made an oral agreement to modify the termination provision and that the oral agreement was memorialized in defendant's letter purporting to give notice of termination. That letter, from defendant's controller to Kane, provides: "Please consider this letter as notification that [defendant] does not intend to renew the lease at Aroostook Centre Mall effective January 1, 1997. It is our intention to vacate the premises shortly after that time, *as agreed to by both parties.* Should you have any questions, feel free to contact me at our general offices * * * [emphasis added]". Although plaintiff met its initial burden on its summary judgment motion, defendant raised an issue of fact whether plaintiff agreed to modify the termination provision (*see, Frost VacationLand Props. v Palmer,* 723 A2d 418, 420-421 [Me]; *see also, Rodrigue v Rodrigue,* 694 A2d 924, 926

[Me]). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.