STATE OF MAINE                          SUPERIOR COURT
SOMERSET, SS.                           CIVIL ACTION
                                        DOCKET NO.: AP-05-04
                                        JMJ-Son -12

BARBARA O'NEAL,

         Appellee-Plaintiff

V.                                      D E C I S I O N

JANICE GAGNON,

         Appellant-Defendant


This matter is before the Court on appeal from an Order granting a Writ of
Possession to Appellee, Barbara O'Neal. Robert Sandy, Esq. appeared on behalf of the
plaintiff-appellee and Jams Mitchell, Esq. appeared on behalf of the defendant-appellant.

## Background

Barbara O'Neal filed a complaint for forcible entry and detainer, pursuant to 14
M.R.S.A. § 6001(1) and M.R. Civ. P. 80D on March 4, 2005. According to O'Neal, she
is the owner of land with a single-family home located at 131 Ridge Road, Fairfield,
Maine, described in a Warranty Deed from Joseph V.P. Gagnon to O'Neal dated June 4,
2001, and recorded June 15, 2001. Gagnon is the father of O'Neal. Pursuant to an
agreement between O'Neal and Gagnon, Gagnon was entitled to the use and possession
of real estate described above for his life. This agreement reads:

> Upon my [Joseph V.P. Gagnon] death, or sooner if I decide that I do not
>
> have the need to retain this property, you [Barbara K. O'Neal] shall be
>
> free to assume complete control over this property.

Joseph Gagnon occupied the residence at 131 Ridge Road until his death on
February 28, 2005. Janice Gagnon, the widow of Joseph Gagnon, occupied 131 Ridge
Road during the last months of his life, and currently resides there. According to O'Neal,
Janice Gagnon was no longer entitled to possess or occupy 131 Ridge Road upon the

death of Joseph Gagnon. A hearing was held on March 25, 2005, and judgment was granted to Appellee O'Neal for possession of the property. On March 31, 2005 Appellant Gagnon filed a notice of appeal and demand for jury trial pursuant to M.R. Civ. P. 80D(f), as well as a Motion for Stay of Issuance of Writ of Possession pursuant to 18 M.R.S.A. 6008. This Court granted a stay of issuance of the Writ of Possession on May 18, 2005. On July 11, 2005, this Court granted, in part, the Plaintiff's Motion for Conditions of Stay of Issuance of Writ of Possession and ordered the Defendant to pay the Plaintiff the sum of $400 per month as rent, and to pay all taxes and insurance for the time period that she has occupied the premises.

In a will witnessed and dated on January 11, 2005, Joseph Gagnon wrote:

> "I give devise and bequeath my home and real property located at 131 Ridge Road, Fairfield, Maine to my loving wife, Janice W. Gagnon. By deed and letter dated June 4, 2001 I transferred title to my home to my daughter, in trust, and for estate planning purposes only...it is now my intent to have the property returned to me but my daughter refused to do so...I specifically disinherit my daughter, Barbara K. O'Neal."

## Discussion

### A. The District Court Did Not Err in Declining to Grant a Jury Trial

The critical question in determining whether there is a right to a jury trial in an FED action is whether there is a genuine issue of material fact. M.R. Civ. P. 80D(f)(2)(A) and (4). Despite Appellant's contentions, there are no genuine issues as to material facts in this case. The trial transcript shows there was no disagreement about the authenticity or admissibility of any of the documents offered into evidence by either party. The Warranty Deed from Joseph Gagnon to Appellee O'Neal is clear and unambiguous, witnessed by his attorney, notarized, and promptly recorded in the Somerset County Registry of Deeds. Appellee is correct that Appellant's argument that the conveyance was defeated because Mr. Gagnon reserved certain rights in the property has no merit. "If that were true, then every reservation of a life estate, an easement, or a lease of the

2

property conveyed would somehow void the conveyance itself." Appellee's Brief at 6. "It is the object of the law to uphold rather than to defeat conveyances." *Pelletier v. Langlois, et al.,* 130 Me. 486, 490 (1931). There are no genuine issues in dispute, therefore, the Appellant is not entitled to a jury trial.

## B. Appellee's Writ of Possession Was Issued Without Error

While it seems clear that Joseph Gagnon changed his mind about who he wanted to give the property to, this fact does not alter the finality of his transfer of title to Appellee O'Neal. Appellee's title to the property rests on an unambiguous Warranty Deed, executed by Mr. Gagnon on June 4, 2001. The deed itself reads, "Joseph V.P. Gagnon of Fairfield, Somerset County, State of Maine, for no consideration but by gift, grant and convey to my daughter, Barbara K. O'Neal. . . ." Pl. Ex. 1. Mr. Gagnon's intent to convey the property to Ms. O'Neal by gift is clearly stated in the deed itself. The District Court's conclusion that O'Neal presented the superior claim of title was supported by the evidence, and its order issuing the Writ of Possession was correct. A forcible entry and detainer action is a summary proceeding to determine the single issue: who is entitled to the immediate possession of the property. *See e.g. Frost Vacationland Props., Inc. v. Palmer*, 1999 ME 15, ¶ 8, 723 A.2d 418, 421 (*citing Tozier v. Tozier*, 437 A.2d 645, 647 (Me. 1981).

## C. A Constructive Trust is Not Appropriate for the Superior Court's Determination

Appellee is correct that the Court's action, in this case, is limited to either granting or denying the Writ of Possession. The Law Court has stated:

> The ultimate issue to be decided in a forcible entry and detainer action. . . is not in whom title to the property is ultimately vested, but rather, as between the parties, who has the right to immediate possession to the exclusion of others. The Superior Court's adjudication as to title relates only to the question of which of the parties to the action may have a title superior to any other parties to the action, to provide a basis for further

3

adjudication of which party has the right to the immediate possession of the land in controversy. *Fraser v. Fraser*, 598 A.2d 751, 753 (Me. 1991).

This Court does not have the authority to impose a constructive trust.

## Conclusion

For the foregoing reasons, this Court hereby affirms the decision of the District Court and remands this case to the District Court and orders that the District Court grant a Writ of Possession to Appellee Barbara O'Neal.

DATED:_____

Joseph M. Jabar
Justice, Maine Superior Court

4