STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-032
JAW - CUM - 6/15/2012

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

v.                                    ORDER



STATE OF MAINE
Cumberland ss, Clerk's Office

JUN 15 2012

RECEIVED

MAREK KWASNIK AND
ALL OTHER OCCUPANTS

    This matter came before the court on an appeal by Kwasnik from the entry of a forcible entry and detainer judgment on May 30, 2012. Kwasnik now asks the Superior Court as part of his appeal to grant his request for a jury trial and his motion to stay issuance of the writ of possession. Kwasnik contends that he is entitled to a jury trial on issues of promissory estoppel, estoppel by misrepresentation, estoppel by representation, equitable estoppel. Mr. Kwasnick contends that there was an agreement between him and Linda Karnes, a prior owner of the subject property located at 88 Peaked Mountain Road, Sebago, Maine, in which he alleges that he would be allowed to live at this property through retirement in exchange for his work on and around the house. He claims the estimated value of the his work on the property is in excess of $50,000.

    The property located at 88 Peaked Mountain Road, Sebago, was addressed in a previous appeal by Kwasnik. In *Linda Karnes v. Marek Kwasnik*, Maine Supreme Judicial Court, Decision No. Mem-11-180 (November 29, 2011), the Court affirmed the Superior Court's denial of Kwasnik's request for a jury trial de novo, the forcible entry and detainer judgment of the District Court and denied Kwasnik's motion to stay issuance of the writ of possession. In that action, Kwasnik contended that his six-year

romantic relationship with Linda Karnes created a legal interest in her property entitling him to a jury trial on the issue of title to the property.

The court takes judicial notice of the fact that Linda Barnes no longer has any interest in the real estate located at 88 Peaked Mountain Road, Sebago as the result of a foreclosure judgment in *Mechanic Savings Bank v. Linda E. Karnes*, District Court, Bridgton Docket No. BRI-RE-11-17 (November 8, 2011).

In the pending action, Kwasnik now claims that by virtue of another agreement with Linda Barnes, he is entitled to continue to live in this property until his retirement because he performed work on this property with a value in excess of $50,000. It should be noted that in a forecible entry and detainer action that Ms. Barnes brought against him he did not raise this claim alleging an agreement to live in the house until his retirement. He did claim in that action his labor created some interest. Notably in that action he claimed that "the only agreement" he had with Ms. Barnes was that he would have a 50% interest in the property. A forcible entry and detainer judgment was entred against Kwasnik in the action brought by Ms. Barnes.

Forcible entry and detainer is a summary proceeding to determine a single issue; namely, who is entitled to immediate possession of the property." *Frost Vacationland Props., Inc. v. Palmer*, 1999 ME 15, ¶ 8, 723 A. 2d 418, 421. In this case, the District Court found that the only person or entity entitled to possession is Federal National Mortgage Association.

M.R.Civ.P. 80D(g) provides: "Forcible entry and detainer actions shall not be joined with any other action, nor shall a defendant in such action file any counterclaim." Kwasnik is not free to pursue against Federal National Mortgage Association claims of

promissory estoppel, estoppel by misrepresentation, estoppel by representation, or equitable estoppel based on agreements he now alleges he had with Ms. Barnes.

The entry is:

Request for jury trial de novo is DENIED.

Request for a stay of writ of possession is DENIED.

The Judgment of the District Court is AFFIRMED.

Appeal DISMISSED.

Clerk is directed to issue a writ of possession.

Date: June 15, 2012

Joyce A. Wheeler
Justice, Superior Court

Federal National Mortgage Association
Leonard Morley, Esq and William Jordan, Esq

Marek Kwasnik-Pro Se