2001 ME 157

**Tommy BUREAU**

v.

**Del GENDRON, David Gendron, and Gendron Realty, Paul R. Gosselin, Gosselin, Dubord & Rabasco, P.A., and Millett–Potvin Realty.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 10, 2001.
Decided: Nov. 9, 2001.

Thomas F. Hallett, Portland, for plaintiff.

James M. Bowie, Thompson & Bowie, Portland, for defendants, Paul R. Gosselin and Gosselin Dubord & Rabasco, P.A.

Martica S. Douglas, James M. Fortin, Douglas, Denham, Buccina & Ernst, Portland, for defendants, Del Gendron, David Gendron, and Gendron Realty.

John S. Whitman, Paul R. Johnson, Richardson, Whitman, Large & Badger, P.C., Portland, for defendant, Millett–Potvin Realty.

Panel: RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Tommy Bureau appeals from a summary judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*) in favor of Del Gendron, David Gendron, and Gendron Realty (Gendron), Paul R. Gosselin, Gosselin, Dubord & Rabasco, P.A. (Gosselin), and Millett–Potvin Realty. Bureau contends that the court erred in granting a summary judgment to Gendron because Gendron failed to comply with M.R. Civ. P. 7(d)[1] and erred in granting summary judgments to Gosselin and Millett–Potvin because the claims against Gosselin and Millett–Potvin were abandoned by the trustee of Bureau's bankruptcy estate. We agree that the court erred in granting a summary judgment in favor of Gendron and, therefore, we vacate that judgment. Finding no material issue of fact exists precluding a judgment as a matter of law, we affirm the judgment in favor of Gosselin and Millett–Potvin.

## I. FACTS & PROCEDURAL HISTORY

[¶ 2] The following undisputed material facts are appropriately supported in the parties' statements of material facts: On October 3, 1994, Bureau leased property located at 1185 Lisbon Street in Lewiston from Gendron. During lease negotiations and during the term of the lease, Gosselin represented Bureau, and Millett–Potvin acted as a renting agent for Gendron.

[¶ 3] Rent issues arose in the summer of 1995. In September, Gendron brought a forcible entry and detainer (FED) action against Bureau. A judgment by agreement in the FED action was entered in Gendron's favor.

[¶ 4] In September of 1996, approximately a year after judgment was entered on the FED matter, Bureau filed a Chapter 7 bankruptcy petition. Besides household goods, the only asset listed on the petition was a "[p]otential lawsuit against Gendron Realty stemming from the rental of property for a former business know [sic] as Buerau's [sic] Nightclub and Billiards." The value of this asset was listed as unknown.

[¶ 5] A bankruptcy trustee was appointed. The trustee determined there were no assets to be distributed. The case was closed in January 1997, without the trustee formally abandoning the claim against Gendron. In February 1997, the U.S. Trustee's office reopened the bankruptcy case, and in April of 1997, the original trustee formally abandoned the claim against Gendron.

---

1. The Maine Rules of Civil Procedure were amended with regard to motions for summary judgment effective January 1, 2001. References to the statement of material facts are now found in M.R. Civ. P. 56(h).

[¶ 6] In January 2000, Bureau brought this action.[2] After discovery took place, the defendants filed statements of material fact and separately moved for summary judgments. The Superior Court granted the defendants' motions for summary judgments and this appeal followed.

## II. DISCUSSION

[¶ 7] On appeal from a grant of a summary judgment, we consider "only the portions of the record referred to, and the material facts set forth, in the [M.R. Civ. P.] 7(d) [56(h)] statements to determine whether there was no genuine issue as to any material fact and that the successful party was entitled to a judgment as a matter of law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655 (quoting *Handy Boat Servs., Inc. v. Professional Servs.*, Inc., 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310; *Kirkham v. Hansen*, 583 A.2d 1026, 1027 (Me.1990)).

### A. Gendron's Motion For A Summary Judgment

[¶ 8] Gendron had the burden to establish that there is no genuine issue of fact. *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 9, 742 A.2d 933, 938. In addition, Gendron had the burden to properly put the "material facts before the court, or the motion could not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response." *Levine*, 2001 ME 77, ¶ 5, 770 A.2d at 655. Gendron filed a statement of material facts that was insufficient. The statement failed to provide record references or failed to provide appropriate rec-

ord references for some of the facts listed. The remaining facts had record references to various exhibits that Gendron attached to the motion for a summary judgment. Assuming without deciding that these record references were appropriate, the only argument in Gendron's motion for a summary judgment properly supported by the statement of material facts is that all claims are barred as a result of the FED judgment in Gendron's favor.

[¶ 9] Contrary to Gendron's assertion that all claims are barred under the doctrine of res judicata, "[a]n FED action is a summary proceeding to determine the single issue: who is entitled to the immediate possession of the property." *Frost Vacationland Props., Inc. v. Palmer*, 1999 ME 15, ¶ 8, 723 A.2d 418, 421 (citing *Tozier v. Tozier*, 437 A.2d 645, 647 (Me.1981)). Because Bureau's claims against Gendron were not, and could not have been, adjudicated in the context of the FED proceeding, as a matter of law Gendron's res judicata argument fails. The court erred when it granted a summary judgment in favor of Gendron.

### B. Gosselin and Millett–Potvin's Motion For A Summary Judgment

[¶ 10] Bureau argues that because the claim against Gendron, Gosselin, and Millett–Potvin stem from the same set of facts, listing Gendron on the bankruptcy schedule implicitly included Gosselin and Millett–Potvin. Gosselin and Millett–Potvin assert that because they are not listed on the bankruptcy schedule any cause of action against them remains with the

---

**2.** Bureau's nine-count complaint alleges (1) negligent misrepresentation, (2) fraud-fraudulent concealment, (3) breach of contract-fraud-promissory estoppel, (4) negligence-breach of contract-implied duty of faith and fair dealing, (5) intentional infliction of emo- tional distress, (6) negligent infliction of emotional distress, (7) breach of contract, and (8) rescission-restitution all against Gendron and its agent, Millett–Potvin, and (9) legal malpractice against Gosselin.

bankruptcy estate and, therefore, Bureau lacks standing.

[¶ 11] Bureau had the duty under 11 U.S.C. § 521(1) to file a schedule disclosing all assets, including causes of action, and liabilities. 11 U.S.C. § 521(1) (1994); *see also Costello v. Costello (In re Costello)*, 255 B.R. 110, 113 (Bankr.E.D.N.Y. 2000); *Rosenshein v. Kleban*, 918 F.Supp. 98, 102 (S.D.N.Y.1996) (citing 11 U.S.C. § 521(1)). The assets of the debtor become part of the bankruptcy estate upon the filing of the bankruptcy petition. 11 U.S.C. § 541 (1994). Upon the trustee's initiative, or upon the request of any party, the trustee can abandon the property, including causes of action, if it is "burdensome to the estate or ... is of inconsequential value and benefit to the estate." *Id.* at § 554(a),(b) (1994). If the trustee takes no action regarding the scheduled property during the bankruptcy proceeding, then the asset reverts back to the debtor by operation of law at the close of the bankruptcy proceeding. *Id.* at § 554(c) (1994). If an asset is not included on the schedule, the asset remains the property of the estate and does not revert back to the debtor at the close of the bankruptcy case. *Id.* at § 554(d) (1994).

[¶ 12] Bureau listed a potential lawsuit against Gendron but did not include or list separately any claim against Gosselin or Millett–Potvin. "[I]n order for property to be abandoned ... the debtor must formally schedule the property ... before the close of the case" and "any asset not properly scheduled remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name." *Jeffrey v. Desmond*, 70 F.3d 183, 186 & n. 3 (1st Cir.1995) (citations omitted). Although the cause of action against Gendron was abandoned and "ownership" reverted back to Bureau, the unscheduled claims against Gosselin and Millett–Potvin remain part of the bankruptcy estate.

[¶ 13] Bureau argues that the trustee was aware that Gosselin and Millett–Potvin were implicitly included in Bureau's claims against Gendron. An asset must be scheduled before it can be abandoned to the debtor, regardless of the trustee's awareness of it. *Jeffrey*, 70 F.3d at 186 (finding that there is "no such concept as 'assumed abandonment'"). Therefore, even if the trustee knew that the cause of action against Gendron included Gosselin and Millett–Potvin, that knowledge does not remedy Bureau's failure to include his claims against Gosselin and Millett–Potvin on his bankruptcy schedule. Accordingly, the Superior Court's grant of summary judgments in favor of Gosselin and Millett–Potvin was proper for Bureau lacked standing to bring actions against Gosselin and Millett–Potvin.

The entry is:

Judgment in favor of Del Gendron, David Gendron, and Gendron Realty vacated and judgment in favor of Paul R. Gosselin, Gosselin Dubord & Rabasco, P.A., and Millett–Potvin Realty affirmed.