STATE OF MAINE                                    SUPERIOR COURT
HANCOCK, ss.                                      DOCKET NO. RE-01-35

BRUCE & TRUTH YOUNG,            )
          Plaintiffs            )
                                )
v.                              )
                                )
DWIGHT HAYWARD, et al.,         )
          Defendants            )
                                )
&                               )
                                )        ORDER
THE INHABITANTS OF THE          )
TOWN OF GOULDSBORO,             )
          Cross-Claim Plaintiff )
                                )
v.                              )        DONALD L. GARBRECHT
                                )        LAW LIBRARY
PAUL R. JOY d.b.a.              )
JOY CONSTRUCTION,               )        AUG 11 2005
          Cross-Claim Defendant )

Pending before the Court is the Defendant, Paul R. Joy's d.b.a. Joy Construction ("Joy), Motion for Summary Judgment against the Plaintiffs, the Defendant, the Inhabitants of the Town of Gouldsboro's (the "Town), Motion for Summary Judgment against the Plaintiffs, and the Cross-Claim Plaintiff, the Town's, Motion for Summary Judgment against Joy. For the following reasons the Court denies Joy's Motion against the Plaintiffs, denies the Town's Motion against the Plaintiffs, and denies in part and grants in part the Town's Motion against Joy.

## Procedural Background

The Plaintiffs, Bruce and Truth Young, filed a Complaint against Dwight Hayward ("Hayward"), Joy, and the Town alleging trespass, negligence and a violation of 23 M.R.S.A. §3659. The Plaintiffs reside in Birch Harbor, Maine and the eastern

1

portion of their property abuts Hayward's. The Plaintiffs allege in their complaint that, pursuant to a contract with the Town, Joy provided winter road maintenance services during the 1997-1998 and 1998-1999 winter seasons. The Town purchased road salt, for Joy's use, and stored it on Hayward's land. The Plaintiffs contend the Defendants improperly stored and mixed the salt from the summer of 1997 through the 1999 winter season, which caused it to seep into their wells, contaminate their water, and kill their vegetation. The Town filed a Cross-Claim against Joy alleging that their contract called for Joy to "(n)...hold the 'Town' harmless against any suits or damages arising out of the plowing and sanding or sand/salt stockpiling activities herein described." The Court has since dismissed the trespass and negligence claims against the Town. Joy has filed a Motion for Summary Judgment on all counts against the Plaintiffs and the Town has filed a Motion for Summary Judgment against Joy on its cross-claim, and another Motion for Summary Judgment against the Plaintiffs on the remaining count against it, alleging a violation of 23 M.R.S.A. §3659. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56 (c), Beaulieu v. The Aube Corp., 2002 ME 79, ¶14, 796 A.2d 683.

## Discussion

**Joy's Motion**

M.R. Civ. P. 56(h)(1) provides that

a motion for summary judgment shall be supported by a separate short, and concise statement of material fact, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by paragraph (4) of this rule.

2

The Plaintiffs contend that Joy's statements of material fact do not contain the proper record citations, nor do they reference any record material. Joy argues that the Plaintiffs failed to produce any evidence to cite and further, in their reply statements of fact, cite material that would not be admissible at trial.

Joy had the burden to establish that there is no genuine issue of material fact and to put the material facts before the Court. Bureau v. Gendron et al., 2001 ME 157, ¶8, 783 A.2d 643, 645. Because Joy failed to comply with Rule 56(h) and failed to put any facts before the Court, summary judgment is inappropriate, regardless of the adequacy of the Plaintiffs' response. Id.

**Town's Motion Against Joy**

The Town's contract with Joy required Joy to "provide a suitably located site or sites for the stockpiling of sand and salt," and "to hold the "Town" harmless against any suits or damages arising out of the plowing and sanding or sand/salt stockpiling activities herein described." SMF ¶2. Joy stored sand and salt on Hayward's land and used the material in connection with his road maintenance contract. SMF ¶3. The Plaintiffs allege that their wells, on land that abuts Hayward's, contain sodium and chloride. SMF ¶1, 4. The Town requests the Court rule in its favor on its cross-claim against Joy in the same amount as the amount of any damages, costs, expert witness fees, legal fees and other sums the Town might be ordered to pay as a judgment to the Plaintiffs and further requests the Court order Joy to reimburse it for legal fees, expert witness fees and other costs. Joy did not file any additional statements of material fact and admitted each of the Town's statements. Summary judgment is appropriate when the moving party establishes

that there is no genuine issue of material fact and where the established facts would entitle the moving party to a judgment as a matter of law. M.R. Civ. P. 56(c).

This matter involves an interpretation of a contract. The interpretation of an unambiguous contract is a question of law. The contract provides in part that Joy will hold the Town "harmless against any suits or damages arising out of the plowing and sanding or sand/salt stockpiling activities herein." It is clear that Joy must indemnify the Town for any damages it suffers which arise from the sand/salt storage in question. However, at this time the Town has not suffered any damages and Joy is defending the Plaintiffs claim that the sand/salt storage contaminated their wells. In order for the Town to proceed under the indemnity clause there must be proof it actually suffered damages. Bowie v. Collins et al., 2000 ME 148, ¶21, 759 A.2d 707, 712. Summary Judgment at this time would be inappropriate with regard to damages. However, the indemnity clause also provides for Joy to hold the Town harmless for any "suits" that arise from the sand/salt storage. Therefore, Joy must reimburse the Town for its reasonable attorney's fees and costs it has incurred defending the Plaintiffs' suit.

**Town's Motion against the Plaintiffs**

The Town's contract with Joy required Joy to "provide a suitably located site or sites for the stockpiling of sand and salt," and "to hold the 'Town' harmless against any suits or damages arising out of the plowing and sanding or sand/salt stockpiling activities herein described." SMF ¶2; RSMF ¶3. Joy stored sand and salt on Hayward's land and used the material in connection with the road maintenance contract. Towns SMF ¶3. Investigator John Hopach, in a Sand/Salt Storage Area Site Evaluation Worksheet dated August 24, 1999, stated that the salt storage site in question slopes steeply to the west.

Plaintiff's RSMF ¶4.[1] The Plaintiffs well, on land west of Hayward's, is contaminated with chloride and sodium. Towns SMF¶¶1,4; Plaintiff's RSMF ¶5.[2] The Plaintiff sent Joy a letter dated November 16, 1999, indicating that the salt was affecting their water supply. RSMF ¶6.

In order to survive the Town's motion for summary judgment the Plaintiffs must establish a prima facie case for each element in its cause of action. Doyle v. Department of Human Services, 2003 ME 61, ¶8, 824 A.2d 48. The Town is entitled to summary judgment if the evidence would entitle the Town to a judgment as a matter of law at trial. Id. The Town contends the Plaintiffs' inability to prove the sand/salt storage site contaminated their well entitles them to summary judgment. The Town argues the Plaintiffs have not designated an expert witness, nor have they cited sufficient evidence in their statements of material fact to prove any direct link between the sand/salt site and the contamination. Further, the Town contends sand/salt storage is not "maintaining a public highway" pursuant to the statute.

23 M.R.S.A. § 3659 provides in part:

In the event a land owner believes that a private water supply on his land has been destroyed or rendered unfit for human consumption by a political subdivision

---

[1] "A party replying to the opposition to a motion for summary judgment shall submit with its reply a...statement of material facts...The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by paragraph (4) of this rule." M.R. Civ. P. 56(h)(3). The Court deems as admitted any fact a party fails to properly controvert. M.R Civ. P. 56(h)(4). The Town has not properly controverted Plaintiff's RSMF ¶4. The Town further contends that RSMF ¶4 is inappropriate because it cites an inadmissible document. Pursuant to M.R. Civ. P. 56(e), all record citations must be to facts as "would be admissible in evidence." The Plaintiffs are using Exhibit C to show the salt/sand storage site slopes to the west, and it would be appropriate for that purpose. The Town did not respond to the Plaintiff's remaining Response Statements of Material Facts and therefore the Court deems them admitted.

[2] The Court disregards the Town's remaining statements of material fact as they do not contain proper record citations.

5

constructing, reconstructing or maintaining a public highway under its jurisdiction, the owner may apply in writing to the political subdivision for a determination of the alleged cause and assessment of damages.

Section 4. If the landowner and political subdivision are unable to agree on the cause of the problem to the water supply or to the terms of the settlement, the landowner may file an action in Superior Court in the count or counties where the land is located.

B. The case shall be determined by a referee and the court shall appoint one or more referees pursuant to the Maine Rules of Civil Procedure.

Statutory interpretation is a question of law. In re Jeremiah Y, 2002 ME 135, ¶7, 804 A.2d 357, 359. The Court construes a statue to give effect to the legislature's intent and in doing so interprets plain language to mean exactly what it says. Id. Chloride and sodium have contaminated the Plaintiffs' wells and they believe the sand/salt storage area Joy used to maintain the public roads, pursuant to a contract with Town, caused the contamination. Regardless of whether the Plaintiffs have an expert witness, and regardless of whether they can prove the source of the contamination, their "belief" as to the cause of the contamination allows them to seek relief pursuant to the statute. Because the Town and the Plaintiffs cannot agree on either the cause of the problem or terms of a settlement a referee must determine the case. Further, the Town, as the moving party, has the burden to show that there is no genuine issue of material fact. Bureau, 2001 ME at ¶8. The Town has failed to establish there is no genuine issues of material fact concerning the contamination source; simply noting the Plaintiffs do not have an expert witness does not satisfy its burden.[3] Summary judgment at this time would be inappropriate.

THE DOCKET ENTRY IS:

---

[3] Pursuant to the Town's contract with Joy and general understanding, the storage of sand/salt used for removing ice is clearly "maintaining" a public highway.

The Defendant Joy's Motion for Summary Judgment is hereby denied. The Defendant Town's Motion for Summary Judgment is hereby denied. The Cross-Claim Plaintiff Town's Motion for Summary Judgment is denied in part and granted in part. Joy must reimburse the Town for reasonable attorney's fees and costs related to the defense of the Plaintiffs' suit.

The clerk is ordered to incorporate this decision into the docket by reference.

DATED: July 31, 2003

_____
Justice, Superior Court

FILED &
ENTERED

JUL 3 1 2003

SUPERIOR COURT
HANCOCK COUNTY