STATE OF MAINE
Cumberland, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-427

HELEN CASSIDY,

Plaintiff

v.                                                                    ORDER

MARK GIROUX,

Defendant

This case concerns a dispute over the right to construct docks on lakefront land located on an arm of Sebago Lake and poses complicated issues relating to collateral estoppel and property law. Before the Court is plaintiff Helen Cassidy's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment

as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

1. Collateral Estoppel

On the first issue presented by Cassidy's motion, there are no disputed issues of fact. Both Cassidy and defendant Mark Giroux agree that the issue is a question of law — whether the May 22, 2003 judgment entered by the District Court (Eggert, J.) in a previous action between the parties for forcible entry and detainer, Cassidy v. Giroux, Docket No. BRI SA-03-069, is entitled to collateral estoppel effect in this action.

In the forcible entry and detainer action, Cassidy contended that Giroux had installed a dock on a stretch of lakefront property she owned in violation of her exclusive possessory right to the property. She sought a judgment evicting Giroux's dock from her property. The District Court concluded that Giroux's dock was built on an area designated as "park" on the Sebago Lake Shores subdivision plan recorded in the Registry of Deeds and that placement of a dock was a permitted appurtenant use by all of the lot owners in Sebago Lake Shores. Accordingly, the District Court ruled that Cassidy did not have the right to exclude Giroux from building a dock in the disputed location, and granted judgment for Giroux.

Under Restatement, Second, Judgments § 27 (1982),

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on a same or different claim.

The issue of whether Giroux had a right to place a dock in the disputed location was actually litigated before the District Court in Docket No. BRI SA-03-069 and was in

fact decided by the District Court. However, Cassidy argues that the determination made by the District Court with respect to Giroux's wharfage rights was not essential to the judgment. Specifically, Cassidy's argument is that a forcible entry and detainer action is "a summary proceeding to determine the single issue: who is entitled to the immediate possession of the property." Bureau v. Gendron, 2001 ME 157, ¶ 9, 783 A.2d 643, 645. Accordingly, Cassidy argues, once the District Court determined that the designation of the disputed area as "park" gave Giroux the right to be there, judgment was properly entered for Giroux.[1] Cassidy contends, however, that the court's further ruling that Giroux had the right to place a dock in the disputed area was dicta that was not essential to the judgment and is not entitled to collateral estoppel effect.

This presents a close question. There is some validity to Cassidy's argument that once the District Court determined that Giroux had an appurtenant possessory right with respect to the area designated as "park," Giroux was entitled to prevail in the forcible entry and detainer action regardless of the dimensions of the appurtenant right. On the other hand, since the only issue that the parties appear to have actually litigated involved Giroux's right to place a dock, there is a question whether the District Court's ruling should be retroactively limited to the subsidiary issue of whether Giroux had the right to be present in the "park" area for any purpose — an issue that may not have been litigated by either party.

Nevertheless, the Court concludes that the District Court's ruling should not be given collateral estoppel effect. One of the exceptions to collateral estoppel is when

---

[1] Cassidy expressly does not contest that she is bound by the District Court's determination that Giroux has some appurtenant rights in the "park" area, which precludes his ejection from that area in a forcible entry and detainer action. See Plaintiff's motion for summary judgment, filed October 6, 2004, at 5 n.2. She does contest that Giroux has so-called wharfage rights and contends that the District Court's ruling on that issue was not essential to its judgment.

there are "differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them." Restatement, Second, Judgments § 28(3) (1982). Among the illustrations given in the Restatement of an instance where collateral estoppel should not be applied is one in which the first judgment was rendered in a forcible entry and detainer action. See id., comment d, illustration 9. Where forcible entry and detainer proceedings are intended to be extremely summary in nature and are limited to the issue of possession, a judgment in those proceedings should be given preclusive effect only on the issue of whether Cassidy was entitled to eject Giroux from the premises.[2]

2. Whether Giroux possesses wharfage rights by the virtue of the "park" designation or pursuant to his deed.

On these issues, it is admitted that although Giroux's deed contains a reference to appurtenant (but unspecified) "water rights," the source deeds in his chain of title do not contain any similar reference. Plaintiff's Statement of Material Facts filed October 6, 2004, ¶ 5 (admitted). Accordingly, as Giroux all but concedes, he did not acquire wharfage rights by virtue of his deed unless those rights were otherwise appurtenant to his property.

The remaining issue presented by the motion is whether Giroux had any appurtenant wharfage rights as a result of the "park" designation on the subdivision plan. On this issue the Court is faced with very little evidence as to the developer's intent beyond what can be inferred from the subdivision plan itself. Looking at the

---

[2] In arguing for a contrary conclusion, Giroux relies on Bicknell Manufacturing Co. v. Bennett, 417 A.2d 414 (Me. 1980). Considered in context, however, Bicknell's reference to adjudicating "all other issues defendant has raised," 417 A.2d at 421, relates to any other issues properly raised in a forcible entry and detainer proceeding. Bicknell does not support the view that a forcible entry and detainer proceeding is the kind of plenary proceeding that should be given broad collateral estoppel effect.

caselaw, the Court is faced with several mutually exclusive alternatives and no basis on which to choose between them.

First, it can be argued that the "park" designation was designed to provide an area along the lakeshore for the benefit of all lot owners, to be kept "free from buildings and other obstructions, and with right of access to and use of the lake shore at all points." See Arnold v. Boulay, 147 Me. 116, 119, 83 A.2d 574, 576 (1951). The problem with this argument is that, if accepted, it would mean not just that Giroux should remove his dock but also that Cassidy should remove her dock. Both of their docks presently obstruct free access by others to the lakeshore.

Second, it can be argued that Cassidy's purchase of the fee interest in the land underlying Lake Shore Drive and the shore from the heir of the subdivider gives her exclusive ownership of the shore area in front of lots 118-22. However, that shore area would still be subject to the "park" designation on the subdivision plan. That brings us back to the question of what rights were intended to be appurtenant to the "park" designation. While Cassidy argues that the appurtenant rights are rights of access that do not include wharfage rights, that is not a foregone conclusion.

There is at least one Law Court case in which a waterfront area designated as a "reservation" on a subdivision plan was found to give lot owners a right in the nature of an easement for access to the shorefront for various purposes including the placement of boat docks. See Chase v. Eastman, 563 A.2d 1099, 1101 (Me. 1989). Giroux argues that the Court should follow Chase and conclude that his appurtenant rights include the right to install a dock. One concern that the Court has with this argument is that, if accepted, it provides no basis to determine which lot owners have priority to

build docks if there is not enough room for all lot owners to do so.[3] Thus, even if, as Giroux states in his affidavit, there are 40 docks between Cassidy's property and Garland Road (Defendant's Statement of Additional Facts, filed November 8, 2004, ¶ 3, citing to Giroux's affidavit sworn to November 6, 2004 ¶ 17), it is not clear that all the lot owners who wish to place docks have been accommodated. The Court would be loath to endorse a principle that as between lot owners the law of the jungle prevails with respect to the placement of docks.[4]

Ultimately, Cassidy's motion presents the question of what inference should be drawn from the record as to the developer's intent with respect to the area designated as "park" land. Competing inferences can be drawn on this issue, and for purposes of summary judgment the Court is required to draw those inferences in favor of the non-moving party and to determine that a factual dispute exists. See Inkel v. Livingston, 2005 ME 42, ¶ 4, 869 A.2d 745, 747, citing Lever v. Acadia Hospital, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. Accordingly, on this issue Cassidy's motion for summary judgment is denied.

The entry shall be:

> Plaintiff's motion for partial summary judgment is granted to the extent that it is ordered (1) that the prior forcible entry and detainer judgment shall not be given collateral estoppel effect and (2) that

---

[3] One distinction between this case and Chase is that in Chase there was an express grant to all lot owners to use the reservation area in common so long as there was no interference with the reciprocal rights of the other lot owners. See 563 A.2d at 1103. In light of Arnold v. Boulay, however, it is not clear that such an express grant is required. See 147 Me. at 119, 82 A.2d at 576. If such a grant can be implied from the plan, it is arguable that it would be accompanied by an implied requirement that there be no interference with reciprocal rights. However, that would not necessarily resolve the problem of there being too little space to accommodate every lot owner who wanted to install a dock.

[4] The Court is aware from prior proceedings that it is alleged that there is a Lot Owners Association that considers the placement of docks, but this is not contained in the summary judgment record, and there is also no basis on which the Court can conclude that the Lot Owner's Association has any legal right to determine dock issues.

wharfage rights cannot be derived from the reference to "water rights" that is contained in defendant's deed but not in his source deeds. In all other respects, plaintiff's motion for partial summary judgment is denied, and the issue of whether wharfage rights are appurtenant rights arising from the designation of the disputed lakefront area as "park" land remains for trial.

DATED: May 18, 2005

Thomas D. Warren
Justice, Superior Court

OURTS
County
?87
)4112-0287

ROBERT NEAULT ESQ       — Dff
PO BOX 1575
NAPLES ME 04055

COURTS
I County
287
04112-0287

DAVID LOURIE ESQ       — Pl
189 SPURWINK AVENUE
CAPE ELIZABETH ME 04107