STATE OF MAINE
ANDROSCOGGIN, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-067

APR 14 '20 AM9:58
ANDRO SUPERIOR COURT

Keybank National Association, )
)
    *Plaintiff,* )
)
    v. )
)
Fancy Stitchers, Inc., *and* )
Cindy Allen, P.R. of Estate of Robert Allen, )
)
    *Defendants.* )

**Order Denying Summary Judgment**

This matter comes before the court on Plaintiff's motion for summary judgment against the Estate of Robert Allen.[1] Although the Estate has not filed any opposition, the motion is nonetheless denied.[2]

On a motion for summary judgment, the moving party has the burden to establish that there is no genuine issue of material fact. *Cach LLC v. Kulas*, 2011 ME 70 ¶8, 21 A.3d 1015; *Bureau v. Gendron*, 2001 ME 157, ¶8; 783 A.2d 643; *Corey v. Norman, Hanson & DeTroy*, 938 1999 ME 196, ¶9, 742 A.2d 933. When a court rules on a summary judgment motion, it considers only the portion of the record referred to and the material facts set forth in the statement of material facts. *Dumont v. Fleet Bank of Maine*, 760 A.2d 1049, 2000 ME 197; *Corey v. Norman, Hanson & DeTroy*, 742 A.2d 933, 1999 ME 196. Moreover, "[i]n the absence of specific record references, a proffered fact is not properly before the court and cannot provide

---

[1] A default judgment was entered against Fancy Stitchers, Inc., on November 12, 2019 in the amount of $70,294.18.

[2] Cindy Allen has filed a number of documents, primarily intended to show that the business was not active and that there are no assets in the Estate. While the court understands her frustration, the issue before the court in the complaint and on the motion for summary judgment is whether the corporation and/or the Estate are legally responsible for the debt, not whether there are any assets with which to pay it.

1

a basis for judgment." *Levine*, 2001 ME ¶9, 770 A.2d at 656. The fact that the defendant has not filed an opposition does not mean the summary judgment motion is automatically granted. Rather, the Plaintiff has the burden to properly put the material facts before the court; failing that, the motion will not be granted, regardless of the inadequacy of the Defendant's response. *Cach LLC*, 2011 ME 70 ¶9.

In this case, Plaintiff filed a motion that purported to be primarily based on the affidavit of Alicia Eason-Palmer, an employee of Plaintiff. However, only a copy of her affidavit was filed. As a courtesy, on approximately March 27, 2020 the court notified Plaintiff that only a copy was filed, and gave Plaintiff an opportunity to file the original. On April 8, Plaintiff filed an original affidavit dated July 25, 2019 of Thomas Fitzgibbons, another employee of Plaintiff, without any attachments referenced in the affidavit. The Statement of Material Facts cannot somehow rely retroactively on a different affidavit, one which creates an issue by listing a amount due which is different than the other affidavit or the statement of material facts..

Given all of the above, therefore, the motion for summary judgment is not properly supported to demonstrate that there is no genuine issue of material fact, and the motion is denied.

The matter shall be set for trial management conference at the next available time. This Order Denying Summary Judgment may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 4/13/2020

Valerie Stanfill
Justice, Maine Superior Court

2